STATE *v.* BUZZELL.

Former acquittal must be pleaded specially.

One who has been acquitted as a principal in a murder, may be convicted as an accessory before the fact in the same murder.

INDICTMENT, for being an accessory before the fact to the murder of H. committed by C. Before this indictment was found, the defendant had been acquitted on another indictment charging him as principal in the same murder. Without requiring him to plead, the court reserved the question, whether, having been acquitted as a principal, he can be convicted as an accessory.

The *Attorney-General*, and *Carter*, solicitor, for the state.

*Copeland & Edgerly*, for the defendant.

ALLEN, J.    Former acquittal must be pleaded specially, and is not admissible in evidence as a defence under the general issue. *State v. Sias*, 17 N. H. 558, 559; *U. S. v. Wilson*, 7 Pet. 150, 160; *Com. v. Gould*, 12 Gray 171; *Com. v. Merrill*, 8 Allen 545, 547; *Com. v. Bakeman*, 105 Mass. 53, 58; *Rex v. Bowman*, 6 C. & P. 337; 2 Hale P. C. 241, 255; 4 Bl. Com. 335; 1 Bennett & Heard C. C. (2d ed.) 541; 1 Bishop Cr. Pr., ss. 579, 584, and authorities cited by CLIFFORD, J., in *Coleman v. Tennessee*, 97 U. S. 525–530. It being new affirmative matter, and not a denial of any allegation of the indictment, the burden of proof, on a traverse of the plea, is on the defendant *(Com. v. Daley*, 4 Gray 209, 210; *State v. Small*, 31 Mo. 197; *Bainbridge v. State*, 30 Ohio St. 264; *Rex v. Parry*, 7 C. & P. 836, 839; 1 Arch. Cr. Pr. & Pl. (6th ed.) 113 *n*.; 3 Greenl. Ev., s. 36), and he has the opening and close. *Rex v. Sheen*, 2 C. & P. 634, 638, 639. But if the state replies fraud *(State v. Little*, 1 N. H. 257; 3 Greenl. Ev., s. 38) or other new affirmative matter, the burden of proof on the latter issue is on the state. In some jurisdictions, when, after an acquittal on part of an indictment, there is a new trial of the rest, a special plea, in bar of the further maintenance of so much of the charge as has been disposed of, is not required. *State v. Martin*, 30 Wis. 216, 222, 223. But as such a defence may raise questions that cannot be appropriately presented under the general issue, and are likely to lead to confusion and mistrial on that issue, it is the safer and better practice, in all cases, to admit the defence of former acquittal, whether total or partial, only upon a special plea raising a distinct issue of law or fact in the record. When it should be in bar of the further maintenance of the action *(Rogers v. Odell*, 39 N. H. 452), an arraignment is no more necessary in a criminal case than in a civil one. The court assign the defendant counsel to put his plea of

former acquittal or former conviction in due form, because it is a special plea. 2 Hale P. C. 241 ; *Rex* v. *Chamberlain,* 6 C. & P. 93.

Former acquittal or former jeopardy, as a defence, is a plea of discharge or release that gives a reason why the defendant ought not to answer the indictment, and ought not to be put upon trial for the crime alleged. 4 Bl. Com. 335. The plea of not guilty raises the question, not whether, by former acquittal or jeopardy, he is discharged. from a crime, but whether he committed it. When, as in this case, there is an opportunity to plead former judgment or jeopardy, and it is not pleaded, the case is as if there were no former judgment or jeop- ardy. If the defendant had been required to plead (as he should have been), and he had pleaded not guilty, no question of the effect of the acquittal could have been raised. If he pleaded the acquittal, it would be unavailing unless he showed at least as much as this, that on the first indictment he was acquitted of some part of the crime or act now charged, or that on the first indictment he could (upon some imaginable evidence) have been convicted of 'some part of this crime or act, or that his acquittal settled the question of his innocence of some part of this crime or act, or cleared him from some part of it without settling that question. If he pleaded his former jeopardy as a more extensive discharge than the acquittal, it would be necessary to show how the jeopardy, from which the judgment was a plenary relief, is a greater protection than the judgment, and how he was saved from the peril of this case by danger in another case in which he was not in legal danger, substantial or nominal, actual or construc- tive, of being convicted of this crime, or this act, or any part of it.

The former judgment not being pleaded, the reservation of the question in this case is an irregular proceeding. *State* v. *Sias,* 17 N. H. 558. But the reserved question is not an open one. It is settled that one who has been acquitted as a principal in a statutory felony, may be convicted as an accessory before the fact in the same felony *State* v. *Larkin,* 49 N. H. 36.

In murder, the felony of an accessory is not the act of a principal ; and the felony of a principal is not the act of an accessory. In fact, they are different acts, done at different times and different places : in law, they are different crimes. One was charged in the first indict- ment ; the other is charged in this. On the first indictment, the de- fendant could not, upon any evidence, be convicted or acquitted of any part of the crime or act laid in the second. If he had testified that he hired C. to murder H., but was not himself present at the assassina- tion,—that he was accessory and not principal,—and the jury had be- lieved him, their verdict must have been (what it was) not guilty of the crime for which he was tried. But he could not, at that or any other trial, clear himself from the other crime of being accessory by, testifying that he was guilty of it. His acquittal established the fact that he did not commit the murder, and was not present aiding or abetting at the time and place of the murder. It did not establish the fact that he did not, at some other time and some other place, insti-

gate C. to commit it. His innocence of this crime would not have proved him innocent of the other ; and his acquittal of the other is so far from proving him innocent of this, that the very ground of that acquittal might be his guilt of this and not of the other.

In misdemeanors, accessories in fact are principals in law. Blackstone says the reason is, that the law, which does not concern itself about trifles, does not descend to distinguish the different shades of such petty offences. 4 Bl. Com. 36. One charged with a misdemeanor may be convicted either on proof of his being a principal, or on proof of his being an accessory. And as, on the single charge, he is in danger of the penalty whether he be principal or accessory, his acquittal is a bar to a second prosecution for either of the acts of which he could be convicted on the first. In a great felony, as the two charges must be separate, the danger which cannot be incurred on one can be incurred on the other. In misdemeanor, the charge of being a principal is considered as including the other charge of being an accessory. It is equivalent to the alternative charge of committing the offence or causing it to be committed,—a form of accusation which, in such a felony as murder, is demurrable for uncertainty. In an indictment for such a felony, the more definite information to which the accused is entitled requires a separation of the charges ; but their necessary separation is not a release of either of them.

In *Ward* v. *The People*, 3 Hill 395, and 6 Hill 144, 146, on an indictment for petit larceny (regarded as a common-law felony), one ground of defence was, that the crime was committed, not by the accused himself, but by another whom he sent to commit it. But, it was held, " the law has been settled for nearly two hundred years, that in petit larceny there can be no accessory on account of the smallness of the felony. Those who procure, aid, or advise, in the commission of the offence, are principals." The defence, which was sufficient to convict the defendant in that case, was sufficient to acquit Buzzell on the trial of the first indictment. He had the benefit of the impossibility of his being then convicted of any part of the crime of accessory. His conviction of that crime, impossible on the indictment that did not accuse him of any part of it, is possible on the indictment that does accuse him of it.

These ancient and elementary principles we do not overturn ; the decision in *State* v. *Larkin* we do not overrule.

*Case discharged.*

CLARK, J., did not sit.