Hillsborough,  
June 3, 1924.

### STATE *v*. NICHOLAS DEMOS.

### STATE *v*. STEFANOS DEMOS.

### STATE *v*. JOHN SAITAS.

Two or more defendants indicted severally for the commission of a single crime may be jointly tried, where a joint trial works no prejudice.

A person indicted as principal cannot be convicted upon evidence tending merely to prove him an accessory before the fact.

Where conspirators are indicted severally as principals for the crime committed in pursuance of their plan, acts done in execution of the conspiracy are not admissible to establish the guilt of those conspirators whose offense is that of accessory before the fact.

Where several acts constitute one crime, if each is separately performed by a different individual in the absence of the rest, all are principals as to the whole.

A confession may be found to be true in part only.

INDICTMENTS, for arson. Trial by jury, with a verdict of guilty in each case. The charges all relate to a common offense. Subject to exception, an order was made that the cases be tried together. At the close of the evidence for the state, the defendants moved that they be discharged, and excepted to the denial of the motion. There was also an exception to the charge, which, together with the facts, is stated in the opinion. Transferred by *Branch*, J.

*Irving A. Hinkley,* attorney-general, by brief and orally, for the state.

*Nicholas J. Costakis, Timothy F. O'Connor* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the defendants.

PEASLEE, J.  The indictments against the defendants charged them severally with the commission of a single crime.  The court in granting the state's motion that the three indictments be tried together stated that the ruling was tentative, and that if, during the trial, it should appear that the rights of any of the defendants might be prejudiced by a joint trial, separate ones would be ordered. No such order was made, and no further request on this matter was preferred by any of the defendants.  It is therefore to be taken to be a fact that none of their rights were impaired by the course pursued; and the sole question of law presented by the exception is whether the court has power to order such a trial in any possible situation.

The defendants could have been indicted either jointly or separately.  *State* v. *Nowell,* 60 N. H. 199.  If jointly indicted they could as a matter of course have been jointly tried.  In such a situation the trial would have proceeded precisely as it did in the present instance.  Nothing that was done here infringed any substantial right of either of the defendants.  No case has been cited to sustain the claims of the defence.  On the other hand, those cited by the state fully sustain the course taken, and are based upon sound reasoning.  "The power of the court to regulate the conduct of causes before it with a view to the proper dispatch of business and the interests of parties and others is undoubted, and is not, we think, abridged, because in a case like the present the grand jury for some reason has seen fit to indict the defendants separately, unless its exercise will interfere with substantive rights belonging to one or both of the defendants. . . . The reasons which led the court to order the two cases to be tried together are not before us. It is to be presumed that they were sufficient, and that the discretion of the court was properly exercised.  We cannot say that the order was not, as matter of law, within its power."  *Commonwealth* v. *Seeley,* 167 Mass. 163, 164, 166.  The doctrine of this case has recent approval in the same jurisdiction.  *Commonwealth* v. *Rosenthal,* 211 Mass. 50.  It has been adopted elsewhere.  *Commonwealth* v. *Hartman,* 31 Pa. Sup. Ct. 364.  The exception to the order for a single trial is overruled.

At the close of the state's evidence, the defendants severally moved to be discharged upon the ground that there was no evidence to justify a conviction of any of them as a principal. The evidence, consisting largely of confessions of the defendants, tended to prove that they were interested in a shop or store in Manchester, which was not doing a good business and which they had attempted to sell without success. The stock was heavily insured, and they decided to have a fire. Arrangements were made that Stefanos should negotiate with one Deskalopoulos for the services of one Terzis to set the fire on a Sunday at about noon. Terzis came from Nashua and looked the premises over, and selected the basement as the scene of operations. On Saturday night Stefanos delivered a basement key to Deskalopoulos for delivery to Terzis, and on Sunday at about eleven o'clock Stefanos, in company with Saitas, locked up the store and they went to their home. The fire was started as planned. After it was extinguished it appeared that the basement had been wet with kerosene or gasoline, and a box containing a partly burned fuse was found.

The motion for a discharge was denied upon the ground that there was evidence that the defendants were conspirators, and that therefore each was liable as principal for any subsequent act of either of the others, done in the execution of the plot agreed upon. The case was subsequently sent to the jury under instructions to the same effect, and the exceptions raise the question of the soundness of the ruling.

"It is undoubtedly true that where several combine together for the same illegal purpose, each is the agent of all the rest, and any act done by one in furtherance of the unlawful design is considered in law the act of all. The evidence is very clear that the prisoner and Jennette were principals, equally with Ann, in the conspiracy to obtain the money; and if the indictment had been for the conspiracy, and not for larceny and receiving stolen money, evidence that Ann took the money would be competent to the conviction of Larkin, though Larkin was not present, aiding and abetting in such manner as to make him a principal in the theft . . . but to constitute one a principal in the actual theft, he must be present . . . aiding and abetting at the fact, or ready to afford assistance, if necessary." *State* v. *Larkin*, 49 N. H. 39, 43.

It is manifest that the distinction drawn in the case just cited must be observed if the rule that the crimes of the principal and the accessory before the fact are distinct and separate is

to be followed. The act of the accessory must usually, if not always, amount to entering into a conspiracy that the crime be committed.

The distinction between principals and accessories before the fact has frequently been criticized as having no logical foundation, but has been considered to be too thoroughly established to be overturned by judicial action. "It is the general doctrine that a person indicted as principal cannot be convicted upon evidence tending merely to prove him an accessory before the fact." *State* v. *Larkin*, 49 N. H. 36, 38; *State* v. *Buzzell*, 58 N. H. 257.

The instructions given to the jury and held to be erroneous in *State* v. *Larkin*, 49 N. H. 39, involved the same theory as those given in the present case. It follows that the exception to the instructions must be sustained so far as Nicholas Demos and Saitas are concerned. It also follows that their motions to be discharged must be granted, unless there is other evidence upon which they could be found to have been principals. In the case of Nicholas there is no such evidence. As to him, there is evidence that he was an accessory before the fact, but none upon which to convict him as a principal.

Saitas says in his testimony that he was with Stefanos when the latter left the premises on Sunday. This evidence, taken in connection with the condition of the premises after the fire and the presence of the partly burned fuse, would warrant a finding that they set the fire before they left the store. The jury would not be bound to believe the story about Terzis and might well conclude that the fire was set as above suggested. For this reason, Saitas' motion for a discharge was rightly denied.

The rulings and instructions concerning charging one for the act of another did not apply to Stefanos. He was the actor, and has no ground to complain that others were erroneously charged with responsibility for what he did. As to him, the exceptions to the charge are immaterial. But his motion to be discharged taken in connection with the charge does raise the question whether his acts which were submitted to the jury for consideration were such as to make him a principal. This is to be determined by ascertaining when the execution of the crime began. Presence during the whole of the transaction is not required. "Where several acts constitute one crime, if each is separately performed by a different individual in the absence of the rest, all are principals as to the whole." 1 Bish. Cr. Law, s. 650. The distinction between the liability of

principal and accessory may be roundly stated as that between plan and execution.

The acts here charged appear to be of the latter class. They are very similar in principle to those involved in *Rex* v. *Bingley*, R. & R. 446. In that case forged bank notes were made in part by each of several persons, who were not present at, and had no part in, the operation which made the notes complete. It was held that they were all properly convicted as principals. So where parties in one county lighted a bonfire to inform those in another county when an overland express carrying money started on its journey, it was decided that all were principals in the subsequent attempt to rob the express. *State* v. *Hamilton*, 13 Nev. 386.

An English *nisi prius* case which holds to a different view has been much cited. *Regina* v. *Jeffries*, 3 Cox C. C. 85. It was there ruled that a clerk who left his employer's place of business unlocked so that a thief could enter later and steal was not a principal. Bishop says of this case: "I doubt the soundness of this ruling. If sustainable, it must be on the ground that the unlocking of the door constituted no part of the crime; but it seems to me that it was a part of the criminal transaction, distinctly contributing to the end." 1 Bish. Cr. Law, s. 650, *note* 1. So in the present case, the acts of furnishing the key for Terzis, and the subsequent locking up the place so that he could enter and set the fire unobserved and undisturbed were parts of the execution of the previously planned crime.

There was no error in submitting the case against Stefanos to the jury under the instructions given. The state was also entitled to a decision by the jury, as against Stefanos and Saitas, upon the question of their guilt on the ground before indicated, *i. e.* that their confession was true in part only, and that they set the fire. Failure to submit this phase of the case to the jury does not, however, give the defendants any ground for complaint.

Other objections to the charge which have been argued are not raised by any exception, and the other exceptions taken at the trial have not been insisted upon in argument. The following orders will be made

*Nicholas Demos, discharged: John Saitas, new trial: Stefanos Demos, exceptions overruled.*

SNOW, J., was absent: the others concurred.