Keene Municipal Court,
No. 5125.

STATE *v.* PETER F. O'NEILL *& a.*

Argued May 7, 1963.
Decided June 7, 1963.

*William Maynard*, Attorney General and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*William D. Tribble* and *David J. Killkelley* (*Mr. Killkelley* orally), for the defendants.

WHEELER, J.   The defendants argue that they are in doubt as to whether they are charged with violating RSA 570:1 or sections 2 and 3 of the same chapter, since all three sections among other things prohibit "rude, indecent, or disorderly conduct . . . offensive, derisive, or annoying word" or repeating " . . . any lewd, obscene, or profane song or word . . . ."

The question presented is whether the language in the complaints meets the constitutional requirements of fully informing the defendants of the nature of the offense with sufficient definiteness to enable them to defend and in the event of conviction to protect them from later prosecution for the same offense. *State* v. *Rousten*, 84 N. H. 140; *State* v. *Mealey*, 100 N. H. 228.

The State concedes that while the offense charged could be more clearly set forth in the complaints, the allegation that the defendants were " . . . guilty of disorderly conduct in that [they] did use profane words and engage in loud talk" was sufficient to inform them that they were being prosecuted under the provisions of RSA 570:1, which provides in part: "BRAWLS, ETC. No person shall make a brawl, nor, in any street or other public place, be guilty of rude, indecent, or disorderly conduct . . . ."

The charge is set forth in the words of the statute with the further specification of disorderly conduct that the defendants used "profane words and engaged in loud talk." We think this is sufficient to apprise the defendants that they were being prosecuted under RSA 570:1. *State* v. *Perkins*, 42 N. H. 464; *State* v. *Rollins*, 55 N. H. 101; *State* v. *Harlan*, 103 N. H. 31; *State* v. *Twarog*, 97 N. H. 101; *cf. State* v. *Peirce*, 43 N. H. 273.

It should be noted that section 2 of this chapter prohibits addressing derisive words to another person upon any street and section 3 prohibits the utterance or writing of obscenity. The charge as drawn could not be fairly said to come within the purview of these sections.

*Exceptions overruled.*

All concurred.