Hillsborough
No. 78–135

THE STATE OF NEW HAMPSHIRE

v.

RICHARD A. CHAMPAGNE

March 7, 1979

*Thomas D. Rath,* attorney general (*John C. Boeckeler,* assistant attorney general, orally), for the State.

*Daniel W. O'Shaughnessy,* of Manchester, for the defendant.

BROCK, J.    The issue presented by this case is whether the indictment upon which the defendant was tried and convicted of arson, RSA 634:1, charged a class B felony or a misdemeanor.

After the defendant was found guilty of arson on November 29, 1977, the Trial Court (*Loughlin,* J.) upon request of the prosecutor and a

consideration of the evidence presented during the trial, ruled that the defendant was guilty of a felony, not a misdemeanor. Defendant took his exception to this ruling. The defendant was sentenced to twelve months confinement, two months suspended during good behavior, in the Hillsborough County House of Correction, and two years probation upon release. The defendant claims that the verdict should be set aside and the prosecution dismissed because the wording of the indictment obscured the distinction between the misdemeanor and felony grades of arson, and because of insufficient evidence to support the conviction. We accept his reasoning, in part, but not the remedy he proposes.

At the close of the State's case, the defendant moved to dismiss on the grounds that the State had failed to prove or even allege a crime. The trial court denied the motion, but reserved judgment on the issue of whether the defendant would be guilty of a felony or misdemeanor if he were convicted.

"An indictment is sufficient only if it 'clearly sets out all of the necessary elements constituting the offense.' "*State v. Bussiere*, 118 N.H. 659, 661, 392 A.2d 151, 153 (1978), *quoting State v. Inselburg*, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974); N.H. CONST. pt. I, art. 15. The indictment under which the defendant was tried, in relevant part reads as follows:

> that [the defendant] . . . did knowingly start a fire within an automobile belonging to Maurice Poisson to wit: a 1972 Dodge Swinger bearing VIN #L23C3B202629, which fire did unlawfully damage said property contrary to the form of the Statute, in such case made and provided, and against the peace and dignity of the State.

The language of the indictment tracks the wording of the first section of the arson statute, which reads, "A person is guilty of arson if he knowingly starts a fire . . . which unlawfully damages the property of another." RSA 634:1 I. The indictment alleged the nature of the offense with sufficient definiteness to withstand a motion to dismiss. *State v. Belkner*, 117 N.H. 462, 467, 374 A.2d 938, 941 (1977); *State v. O'Neil*, 105 N.H. 15, 16, 191 A.2d 528, 529 (1963).

The evidence presented by the State was sufficient to support a verdict of guilty on the offense that was charged in the language of the indictment. The trial court therefore did not err in denying the defendant's motion to dismiss.

The defendant here was clearly prejudiced, however, by the trial court's ruling that he was to be sentenced for a class B felony. "[E]ven

putting to one side the potentiality of increased incarceration, conviction of a 'felony' often entails more serious collateral consequences than those incurred through a misdemeanor conviction." *Blackledge v. Perry*, 417 U.S. 21, 28 n.6 (1974). We therefore proceed to consider the defendant's claim that the indictment and the court's instructions to the jury which paralleled it are ambiguous as to whether the defendant was charged with a misdemeanor or a felony under the arson statute.

The complete statute, RSA 634:1 (Supp. 1977), reads as follows:

I. A person is guilty of arson if he knowingly starts a fire or causes an explosion which unlawfully damages the property of another.

II. Arson is a class A felony if the property damaged is an occupied structure and the actor knew it was an occupied structure.

III. Arson is a class B felony if

(a) the property is either that of another or the actor's property, and the fire was started or the explosion caused for the purpose of collecting insurance on such property; or

(b) the actor purposely starts a fire or causes an explosion on anyone's property and thereby recklessly places another in danger of death or serious bodily injury, or places an occupied structure of another in danger of damage; or

(c) the property damaged is real estate; or

(d) the pecuniary loss caused is in excess of one thousand dollars.

IV. All other arson is a misdemeanor.

V. (Definitions omitted).

RSA 634:1 I sets forth the basic elements that must be proved in any arson prosecution. Section IV specifies that if those basic elements are all that the State alleges and proves, the offense is a misdemeanor. Sections II and III of the statute then set forth additional facts which, if charged and proved in addition to the basic ones, will upgrade the offense to a class A or a class B felony.

As indicated above, the indictment returned against the defendant made no mention of any of the aggravating factors listed in the statute, nor did it refer to any specific subsection of the statute. Neither did the charge given the jury concerning the elements of the offense of arson

include a reference to any of the factors listed in sections II and III. The court, without objection of counsel, charged the jury that:

> A person is guilty of arson if he knowingly starts a fire which unlawfully damages the property of another.
>
> There are three elements which the state must prove in order to justify a conviction for arson. The actor, meaning in this case, the defendant, must know that he is starting a fire; two, the damage must be unlawful; and thirdly, the property harmed must be that of another.
>
> I'm going to repeat again the necessary elements. The defendant must know that he is starting a fire, the damage must be unlawful, and the property harmed must be that of another.

It was not until just before the defendant was to be sentenced that the prosecutor asked the trial court for a ruling on "whether we were dealing with a felony or misdemeanor." During argument on this question, the prosecutor told the court that "[u]nder 634:1 the statute reads, 'Arson is a Class B felony if the property is that of another.'" In ruling that the offense was a class B felony, it is not clear whether the trial court accepted that interpretation of the statute, or relied upon evidence presented during trial from which the trier of fact could readily have concluded that the burning was done with intent to defraud an insurance company, or that the burning caused a pecuniary loss in excess of $1,000, either one of which would have supported a felony conviction under RSA 634:1 III.

Unlike the factors which a trial judge may use in imposing an extended term sentence under RSA 651:6, the aggravating facts set forth in RSA 634:1 III are essential elements of the State's case for felonious arson. They are rewordings of the various types of arson under the prior statute, RSA 584:1–6 (repealed 1973). The aggravating factors are "included in the definition of the offense" of arson as a felony, and therefore they are elements of the offense that must be proved by the State. RSA 625:11 III. As substantive elements of the offense, these facts are to be decided by the jury. N.H. CONST. pt. I, art. 15; *State v. Goodwin*, 118 N.H. 862, 395 A.2d 1234 (1978); *State v. Ferris*, 249 A.2d 523 (Me. 1969). "Having chosen originally to proceed on the misdemeanor charge, the State . . . was, under the facts of this case, simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge." *Blackledge v. Perry*, 417 U.S. 21, 30 (1973). Since the language of the indictment was

limited to the basic definition of misdemeanor arson under the statute, we hold that the defendant was charged and convicted only of misdemeanor arson under RSA 634:1 I, and that the court erred in upgrading the offense to a felony as part of the sentencing procedure.

The defendant further argues that he could not be convicted of arson because the owner of the burned property had consented to the burning. The defendant contends that the owner's consent is an absolute defense. If the indictment had charged the defendant with intent to defraud an insurer, consent by the owner or indeed ownership itself of the burned property would not be a defense under the statute. RSA 634:1 III(a). Nevertheless, we need not reach the issue of whether consent of the owner was available as a defense in this case because that issue was effectively waived below. The defendant did not give the notice required by superior court Rule 102 that he intended to rely on the consent defense. In fact, he relied at trial on his testimony, corroborated by two alibi witnesses, that he did not participate in the burning incident at all.

The conviction stands as a conviction for misdemeanor arson under RSA 634:1 I, IV. The sentence imposed for felony arson is vacated. In view of the result reached, we need not consider other claims of the defendant.

*Remanded for resentencing.*

All concurred.