Rockingham
No. 81-049

## THE STATE OF NEW HAMPSHIRE

v.

## FRANK B. JANVRIN

February 12, 1982

76

*Gregory H. Smith,* attorney general (*Michael A. Pignatelli,* attorney, on the brief and orally), for the State.

*Steven T. Jeffco,* of Portsmouth, by brief and orally, for the defendant.

BATCHELDER, J.   After a jury trial, *Mullavey,* J., presiding, the defendant, Frank Janvrin, was found guilty of class A felony arson, RSA 634:1. The indictment charged that the defendant:

> ". . . did knowingly start a fire which unlawfully damaged the property of Alfred C. Janvrin, located at South Main Street an occupied structure which Frank Janvrin knew to be occupied."

The defendant's arguments on appeal can be reduced to two issues: First, that the trial court erred in refusing to grant a motion for a directed verdict, and later a motion to set aside the verdict, based on the State's failure to offer any proof that the burning was unlawful by showing a lack of consent by anyone having an interest in the property; and second, that the court erred in failing to instruct the jury that, in order to find the defendant guilty, it must find that the burning was done without consent. We affirm the trial court.

On March 31, 1979, the mobile home of Alfred C. Janvrin, the nephew of the defendant, located on South Main Street in Seabrook, New Hampshire, burst into flames between approximately 5:00 p.m. and 6:00 p.m. The defendant had visited his nephew at the mobile home earlier that day. According to the testimony in the case, the nephew left his mobile home to go on a trip to the northern part of the State. The last one to leave the mobile home

prior to the fire was Alfred's mother, Dorothy P. Janvrin, who left shortly after her son's departure. She testified that everything was in proper order. She said she did not see a clock or any wires or clips on the floor, nor did she see a gas can. Margaret Fogg, a next-door neighbor, testified that, late in the afternoon, she had heard "a rumble of the house" and, upon looking out a window, saw the "trailer afire next door" and ran across the roadway to where Cleave Brown, another neighbor, was standing. From their vantage point of fifty feet from the trailer, each saw the defendant run out of the trailer, get into his truck and drive away hurriedly. John Davis, a fire investigator for the State at the time, testified that the wires, clips, and clock found on the floor of the mobile home constituted a "set or plan or a mechanical device in order to initiate a fire without someone having to be there."

There was other evidence introduced through expert testimony of the presence of flammable liquid splashed throughout the mobile home, the odor of which reminded the expert of gasoline. The fire investigator gave an opinion that the fire was caused when fumes from this liquid were ignited by the pilot in the gas stove. Warren Edmunds, a "criminalist" employed at the State police laboratory, testified that specimens removed from the mobile home, including charred debris, contained the presence of "a volatile organic compound consistent with gasoline" and that the air space in a container securing a sweat jacket taken from the defendant at the hospital on the night of the fire "verified a trace amount of volatile organic matter . . . indicative of the pattern that a chemist achieves with gasoline."

██ On this record, the trial court, viewing the evidence and all inferences reasonably drawn therefrom most favorably to the State, was well within the bounds of sound discretion when it denied the motion for a directed verdict and the motion to set aside the verdict. *See State v. Martin*, 121 N.H. 1032, 1034, 437 A.2d 308, 309 (1981); *State v. Gilbert*, 121 N.H. 305, 313, 429 A.2d 323, 329 (1981). The evidence in the case warrants a finding, beyond a reasonable doubt, that the defendant was both literally and figuratively "hoist with his own petard."

██ The defendant argues that the State failed to prove that the defendant's action was unlawful because it failed to show the lack of the owner's consent. We disagree. We hold that for the purpose of interpreting the arson statute the word "unlawfully" simply means that the burning was not lawful. Although it is difficult to imagine many instances where the burning of the occu-

pied property of another would be lawful, the consensual burning of such property is usually not a prosecutable action. *But see* RSA 634:1 III (Supp. 1979). However, this court has interpreted the arson statute to require that consent, as a defense, must be asserted and claimed by the defendant after appropriate notice pursuant to Superior Court Rule 101. *See State v. Champagne*, 119 N.H. 118, 122, 399 A.2d 287, 289 (1979). Consent is not an element that is presumed, nor does it have to be shown not to have been given.

> "The prosecution is under no obligation to prove as an element of its affirmative case that the fire was set without the consent of the owner. Consent, if available as a defense, must be shown by the accused."

A. CURTIS, A TREATISE ON THE LAW OF ARSON § 94, at 113 (1936). Therefore, the trial court properly denied the defendant's motions.

■■ Similarly, the trial court did not err when it refused to give the defendant's requested instruction that an essential element of the crime, which the State had to prove, was the lack of consent of the owner. As we stated above, consent is an affirmative defense and must be asserted by the defendant. In this case, the defendant never raised the issue. Rather, his defense was that he had not set the fire. The defendant does not have the tactical luxury of saying that he "didn't do it, but if he did, he had the owner's consent." *See State v. Champagne*, 118 N.H. at 122, 399 A.2d at 289. The trial judge, upon the facts of this case, was therefore not required to instruct the jury that lack of permission or consent was an element of proof upon which the State had the burden, nor was it an element necessary to support a conviction upon indictment. The trial court need not instruct the jury in the specific language of the defendant's request. *See State v. Gorham*, 120 N.H. 162, 165, 412 A.2d 1017, 1019 (1980); *State v. Theodore*, 118 N.H. 548, 553, 392 A.2d 122, 125 (1978). The law was adequately defined in the charge for the jury within the four corners of the facts of this case. *See State v. Langdon*, 121 N.H. 1065, 1068, 438 A.2d 299, 301 (1981).

*Affirmed.*

All concurred.