Merrimack
No. 83-045

### THE STATE OF NEW HAMPSHIRE

v.

### STEVEN J. HORNE

July 26, 1984

*Gregory H. Smith,* attorney general (*Paul Barbadoro,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

PER CURIAM. The defendant, Steven J. Horne, was convicted, following a jury trial, of being an accomplice to second degree assault, RSA 626:8, IV and RSA 631:2, I (Supp. 1983). The defendant challenges the sufficiency of the indictment, the sufficiency of the evidence, and the failure of the Trial Court (*Cann, J.*) to give a requested instruction to the jury. We reverse and remand based upon the inadequacy of the indictment.

On the evening of July 17, 1982, the defendant, age 20, was a passenger in an automobile with two male juveniles: the driver, age 17, and another passenger, age 16. While en route from Weirs Beach to Concord, the defendant and the other passenger each threw a soda bottle out of the sun roof of the automobile. The juvenile passenger suggested to the driver that he stop the automobile so that the defendant and the juvenile passenger could obtain some rocks; the driver did so.

The defendant and the juvenile passenger alighted from the automobile and began looking for rocks. They both found a number of rocks that they considered suitable for throwing at other automobiles and returned to their automobile. The defendant found the rock that ultimately caused the injury to the victim, but believed that it was too big; according to the defendant, the juvenile passenger took the rock from him.

Once back in the automobile, the defendant and the juvenile passenger threw the rocks at on-coming vehicles. The defendant admits throwing a small rock at the victim's automobile, while the other passenger admitted throwing the rock that crashed through the victim's windshield and caused serious bodily injury.

On appeal, the defendant argues that the indictment is insufficient, for it fails to apprise the defendant of the mental state required to be an accomplice. Specifically, he claims that the indictment failed to allege that the defendant aided the juvenile passenger, with the purpose of promoting or facilitating the crime of second degree assault. The indictment charged that the defendant:

> "did reckless[ly] with respect to the result of their conduct, aid in the commission of the crime of Second Degree Assault, a male juvenile, date of birth being: June 2, 1966, who did recklessly cause serious bodily injury to Leon Cogar of Manchester, New Hampshire, to wit: severe lacerations to the head by throwin[g] a rock at Leon Cogar's car, in that Steven J. Horne assisted the said male juvenile in gathering rocks to be thrown at cars . . . ."

In *State v. Etzweiler*, 125 N.H. 57, 480 A.2d 870 (1984), we recently held that to prosecute one as an accomplice, the State must

prove that the defendant acted with the *purpose* of promoting or facilitating the offense as required by RSA 626:8, III. Section III states:

"A person is an accomplice of another person in the commission of an offense if:

(a) with the purpose of promoting or facilitating the commission of the offense, he solicits such other person in committing it, or aids or agrees or attempts to aid such other person in planning or committing it . . . ."

Section IV states:

"When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense."

In considering the relationship between RSA 626:8, III and RSA 626:8, IV, we stated in *Etzweiler* that:

"Section III sets forth the elements which must be present above, beyond, and regardless of the substantive offense. Section IV sets forth the elements of the substantive offense that must be present in order to charge the accomplice . . . . Under section III, the State has the burden of establishing that the accomplice acted with the purpose of promoting or facilitating the commission of the substantive offense."

*State v. Etzweiler*, 125 N.H. 57, 63, 480 A.2d 870, 873–74 (1984). It is apparent from the foregoing that section IV is not independent of section III, and that, therefore, the elements set forth in section III must be alleged and proven by the State to establish accomplice liability.

■ The indictment of Horne did not allege that he acted "with the purpose of promoting or facilitating the commission of the offense . . . ." RSA 626:8, III. Although the alleged conduct of the defendant is deplorable, the State's failure to indict him properly, and to prove all of the elements of accomplice liability under RSA 626:8, III and IV, requires a reversal of the defendant's conviction even though the facts alleged could support a conviction upon re-indictment. *See People v. Campbell*, 77 Ill. App. 3d 804, 812, 396 N.E.2d 607, 613 (1979).

*Reversed and remanded.*

King, C.J., and Souter, J., concurred specially.

King, C.J., concurring specially: While I agree with the result of the majority opinion, I concur on the basis of my analysis of RSA 626:8 enunciated in Part II of the dissenting opinion in *State v. Etzweiler*, 125 N.H. 57, 480 A.2d 870 (1984), that an accomplice must act purposefully with respect to the principal's criminal *conduct*.

Souter, J., concurring specially: I concur in the result for reasons set out in my concurring opinion in *State v. Etzweiler*, 125 N.H. 57, 480 A.2d 870 (1984).