Rockingham
No. 84-158

THE STATE OF NEW HAMPSHIRE

v.

WAYNE ABBIS

October 26, 1984

*Gregory H. Smith,* attorney general (*Edna M. Conway,* attorney, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant was convicted of the class A felony of accomplice to attempted theft by deception. RSA 637:4, 637:11, I. The sole issue in this appeal is whether the indictment alleged a class A felony, or a misdemeanor. We affirm.

The indictment charges that the defendant committed the crime of accomplice to attempted theft by deception. It alleges that Glenn Polansky notified the Londonderry police and his insurance carrier that property of his was lost in an apartment fire. Polansky allegedly reported the value of the goods missing to be $1,750 and $2,000 in reports to the insurer and the police, with knowledge of the falsity of such claim, intending to defraud the insurer and permanently deprive it of the proceeds. The defendant allegedly

indicated to the Londonderry police where in the apartment the property was located at the time of the fire.

The indictment further charges that the defendant purposely promoted or facilitated the attempted theft and that his actions constituted a substantial step toward the commission of the crime of attempted theft by deception. The Superior Court (*Nadeau*, J.) accepted the defendant's plea of *nolo contendere*, with leave to argue that the indictment alleged only a misdemeanor. After hearing, the court ruled, over defendant's objection, that the indictment alleged a felony and sentenced the defendant to twelve months in the house of correction, suspended on good behavior. This appeal followed.

■ RSA 637:4 defines the crime of theft by deception. Under RSA 637:11 (1974 and Supp. 1983), theft in excess of $1,000 is a class A felony, while theft of $500 or less is a misdemeanor. Under RSA 626:8, I, II(c), an accomplice to an offense is guilty of the offense itself. An attempt to commit a crime is an act or omission constituting a substantial step toward the commission of the crime and, except for attempted murder, carries the same penalty as the attempted crime. RSA 629:1 (1974 and Supp. 1983).

■ In *State v. Champagne*, 119 N.H. 118, 399 A.2d 287 (1979), we held that where aggravating factors are included in the statutory definition of a felony, a felony indictment must specifically allege the aggravating facts, in addition to the basic elements of the misdemeanor, in order to convict the defendant of the felony. For example, the misdemeanor of arson is committed where the defendant knowingly starts a fire which unlawfully damages the property of another. RSA 634:1 (1974 and Supp. 1983). The same act becomes a class B felony if the property is burned for the purpose of collecting insurance. RSA 634:1, III(a). *State v. Champagne* held that such additional purpose must be alleged in the indictment in order to convict the arsonist of the class B felony.

■ The defendant argues, under *Champagne supra*, that the State failed to allege a felony in the indictment because it did not allege that the defendant *believed* the value of the property was over $500. He argues that this *belief* constitutes an aggravating factor under the theft statute which must be alleged specifically to elevate the misdemeanor to a felony. This position misapprehends the intent required for accomplice liability to support a felony conviction. The indictment sufficiently alleges accomplice liability to attempted felony theft if it alleges an attempted felony on the part of the principal and the acts and intent of the accomplice to aid the principal in that activity. Here, the indictment describes Polansky's attempted

theft by deception as involving a value in excess of $1,000, a class A felony. RSA 637:11. The defendant's actions were alleged to have purposely aided Polansky in the principal crime and are, therefore, sufficient to support the defendant's felony conviction.

*Affirmed.*

All concurred.