■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DOLES, Appellant.—Judgment of the Supreme Court, New York County (Juanita Bing Newton, J.), rendered on December 15, 1988, convicting defendant, after a jury trial, of robbery in the second degree and sentencing defendant, as a predicate violent felon, to 6 to 12 years' imprisonment, is unanimously affirmed.

This conviction arose out of a mugging perpetrated in the Times Square area during early morning hours, across the street from undercover police officers. Defendant and others were observed surrounding the victim, while defendant reached into the victim's jacket pocket and pants pocket from behind. The victim testified, as police had observed, that his pants pocket had been ripped open. Defendant was immediately apprehended, as his accomplices fled, and placed face down on the sidewalk; when police officers rolled him over, the victim's possessions were found beneath defendant's body. Defendant took the stand at trial, and contended that he was aware that police officers were across the street, had observed friends perpetrating the mugging, and had merely gone to warn his friends of a police presence.

On appeal, defendant has not demonstrated that the jury improperly judged credibility. The jury's determination is supported by the record, and there is no basis for reversal *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). We note that defendant concedes being at the scene of the crime, and concedes some interaction with the perpetrators, albeit only to warn of a police presence. The evidence, however, amply demonstrates that defendant participated in the robbery.

Nor do we find fault with the trial court's submission of an instruction on accomplice liability. Defendant was on notice that he could be tried either as a principal or as an accomplice, a distinction which for charging purposes is, in any event, only academic *(see,* CPL 200.50; *People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910). Even if the original theory of prosecution was that defendant was the principal, there is no infirmity in defendant's conviction as an accomplice *(see, People v Liccioni,* 63 AD2d 305, *affd* 50 NY2d 850).

Defendant's challenge to the court's *Sandoval* motion is meritless. Considering defendant's very lengthy and consistently larcenous criminal record, it cannot be said that the trial court abused its discretion in permitting inquiry into a prior attempted burglary, and its underlying facts, as well as two misdemeanor convictions for criminal possession of stolen property. Nor are we disturbed by any argument of undue similarity of these crimes. We have consistently noted that defendant's specialization in theft-related crimes does not insulate him from use of those crimes for impeachment purposes *(People v Williams,* 162 AD2d 309).

Defendant's challenge to the severity of his sentence is also without merit. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.