Hillsborough-northern judicial district
No. 95-753

## THE STATE OF NEW HAMPSHIRE

v.

## JOHN BARTON

November 6, 1997

*Jeffrey R. Howard,* attorney general (*Richard J. Lehmann,* attorney, on the brief and orally), for the State.

*Joachim Barth,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. A jury convicted the defendant, John Barton, of attempted burglary. *See* RSA 635:1 (1996). The defendant appeals his conviction, asserting that the Superior Court (*Lynn,* J.) impermissibly amended the underlying indictment by instructing the jury regarding accomplice liability. *See* RSA 626:8, III(a) (1996). We affirm.

The underlying indictment sufficiently charged the defendant as a principal to an attempted burglary. At the conclusion of the State's case-in-chief, the defendant moved to dismiss. The trial court denied the motion, reasoning that even if the defendant did not perform all of the acts personally, the jury could find the defendant guilty as an

accomplice because the evidence supported a finding that the defendant acted in concert with a principal. After instructing the jury regarding the specific elements of the attempted burglary offense, the judge further instructed them regarding accomplice liability, explaining that

[a] defendant may be convicted of a crime although he did not personally perform all of the conduct which constitutes the offense. In other words, the law recognizes that there may be a division of labor in criminal activity just as there is in business or in many other activities of daily life. A person who participates in the commission of a crime by doing some act to aid or assist another in the commission of a crime and who does so with the purpose of promoting or facilitating the crime is just as guilty, if the crime is in fact committed, as if he or she had personally performed each step in the commission of the offense.

The jury returned a guilty verdict. The trial court denied the defendant's motion to set aside the verdict, and this appeal followed.

The defendant argues that the trial court's instruction impermissibly amended the indictment in violation of part I, article 15 of the New Hampshire Constitution by allowing the jury to consider evidence supporting uncharged elements of accomplice liability. *State v. Elliott*, 133 N.H. 759, 764, 585 A.2d 304, 307 (1990). The defendant asserts this error requires automatic reversal. *Id.* Alternatively, the defendant argues that he relied on the language of the indictment to his prejudice in preparing his defense. *Id.* at 764-65, 585 A.2d at 307; *State v. Erickson*, 129 N.H. 515, 519, 533 A.2d 23, 25 (1987).

■ The State responds that the trial court did not err because an indictment that alleges principal liability for a substantive offense also alleges accomplice liability for that offense. We agree and hold that as a matter of law an accomplice instruction does not amend an indictment alleging principal liability because an indictment charging a defendant as a principal also alleges accomplice liability.

The common law distinctions between principals and accessories, *see, e.g., State v. Lacoshus*, 96 N.H. 76, 80, 70 A.2d 203, 206-07 (1950); *State v. Demos*, 81 N.H. 318, 321, 125 A. 426, 428 (1924); *State v. Buzzell*, 58 N.H. 257, 258-59 (1878), spawned several technical rules and fostered procedural difficulties. *See* 2 W. LAFAVE & A. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 6.6(d) at 130 (1986). It

is noteworthy that federal law has abolished the distinctions between principals and accomplices, making whoever "aids, abets, counsels, commands, induces or procures its commission" or commits an offense personally punishable as a principal. 18 U.S.C. § 2(a) (1994). Additionally, every federal circuit that has considered the propriety of an accomplice liability instruction when the defendant was indicted as a principal has determined that one indicted as a principal may be convicted upon evidence showing the defendant aided and abetted another in the commission of the substantive offense. *See United States v. Sanchez*, 917 F.2d 607, 611 (1st Cir. 1990), *cert. denied*, 499 U.S. 977 (1991); *United States v. Taylor*, 464 F.2d 240, 241 n.1 (2d Cir. 1972); *United States v. Forsythe*, 560 F.2d 1127, 1136 n.15 (3d Cir. 1977); *United States v. Duke*, 409 F.2d 669, 671 (4th Cir. 1969), *cert. denied*, 397 U.S. 1062 (1970); *United States v. Gordon*, 812 F.2d 965, 969 (5th Cir.), *cert. denied*, 482 U.S. 908, 483 U.S. 1009 (1987); *United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966), *cert. denied*, 385 U.S. 1002 (1967); *United States v. Moya-Gomez*, 860 F.2d 706, 756 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989); *United States v. Lincoln*, 925 F.2d 255, 256 (8th Cir.), *cert. denied*, 501 U.S. 1222 (1991); *United States v. Sannicandro*, 434 F.2d 321, 324 (9th Cir. 1970); *Lawrence v. United States*, 357 F.2d 434, 438 (10th Cir. 1966); *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984), *reh'g denied*, 756 F.2d 885 (1985); *United States v. Kegler*, 724 F.2d 190, 200-01 (D.C. Cir. 1984).

Our legislature has followed the modern trend of statutorily abolishing these antiquated common law distinctions. *See* RSA 626:8 (1996). Specifically, in 1967, the legislature enacted RSA chapter 590-A (Criminal Liability for Conduct of Another; Complicity), *see* Laws 1967, 346:1, which was derived from section 2.06 of the Model Penal Code. *See* REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF CRIMINAL LAWS § 571:8 Comments (1969) [hereinafter REPORT]. The Criminal Code, enacted and made effective in 1973, contains RSA 626:8, which is substantively identical to RSA chapter 590-A except for the omission of a few sections contained elsewhere in the Code. *See* REPORT, *supra; compare* Laws 1971, 518:1 (enacting the Criminal Code containing 626:8) *with* Laws 1967, 346:1 (enacting RSA chapter 590-A).

The comment to the Model Penal Code section from which our accomplice liability statute is derived explains:

> The section differentiates the different modes of complicity in a crime for the purpose of developing their content. It does not, however, contemplate that such distinctions

should have procedural significance. *As in the states that have abolished the common law distinctions between principles and accessories, it would suffice under this draft to charge commission of the substantive crime.*

MODEL PENAL CODE AND COMMENTARIES § 2.06 comment 1, at 299 (1985) (footnote omitted) (emphasis added).

In *State v. Morin*, 111 N.H. 113, 276 A.2d 476 (1971), we interpreted RSA chapter 590-A, the substantively identical predecessor to RSA 626:8. The indictments in *Morin* alleged that each defendant acted "in concert with" his co-defendants. *Id.* at 114, 276 A.2d at 477. The defendants argued that the indictments failed to allege any legal responsibility for the conduct of their co-defendants. *Id.* at 114, 276 A.2d at 476. Explaining that "the different modes of complicity in a crime, as set out in RSA ch. 590-A, are not of procedural significance," we determined that it was sufficient under the statute for an indictment "to charge commission of a crime without regard to the common law distinction between principal and accessory." *Id.* at 116, 276 A.2d at 478 (quotations omitted); *see also State v. Thresher*, 122 N.H. 63, 69, 442 A.2d 578, 581 (1982). We held that the indictment need not allege the legal principles of RSA chapter 590-A, and concluded that the defendants were charged in a manner that permitted them to adequately prepare a defense. *Morin*, 111 N.H. at 116-17, 276 A.2d at 478. Likewise, because RSA chapter 590-A and RSA 626:8 are substantively identical, the critical issue in this case is whether the indictment charged the defendant in a manner adequate to permit him to prepare a defense. *See id.* at 117, 276 A.2d at 478; *see also State v. Thornton*, 140 N.H. 532, 537, 669 A.2d 791, 797 (1995); *State v. Horne*, 125 N.H. 254, 255-56, 480 A.2d 121, 122 (1984); *cf. Sanchez*, 917 F.2d at 611; *People v. Doles*, 564 N.Y.S.2d 15, 16 (App. Div. 1990), *appeal denied*, 568 N.E.2d 655, 577 N.E.2d 1066 (N.Y. 1991); *Com. v. Potts*, 566 A.2d 287, 293 (Pa. Super. Ct. 1989), *allocatur granted*, 582 A.2d 322 (Pa. 1990).

 The test to determine the sufficiency of the indictment is whether it provided the defendant with enough information to adequately prepare his defense. *State v. Champagne*, 125 N.H. 648, 651, 484 A.2d 1161, 1163 (1984). The question is not whether the indictment could have been more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn the defendant of the specific charges against him. *State v. Hermsdorf*, 135 N.H. 360, 366, 605 A.2d 1045, 1048 (1992). The

defendant does not argue that the indictment insufficiently charged him with attempted burglary as a principal.

The cases on which the defendant relies are inapposite because in those cases the defendant was charged solely as an accomplice, whereas here the defendant was expressly charged as a principal. *See State v. Abbis*, 125 N.H. 646, 646-47, 484 A.2d 1156, 1157 (1984) (indictment); *State v. Lurvey*, 122 N.H. 190, 191-92, 442 A.2d 592, 593 (1982) (information); *cf. State v. Etzweiler*, 125 N.H. 57, 63-65, 480 A.2d 870, 873-75 (1984) (quashing of indictments charging defendant as a principal left only indictments charging defendants as an accomplice at issue). In the cases considering the sufficiency of indictments alleging both principal and accomplice liability, we have subjected the indictments to a less stringent standard than that imposed upon indictments alleging only accomplice liability. *Compare Thresher*, 122 N.H. at 69, 442 A.2d at 581 *with Etzweiler*, 125 N.H. at 63-65, 480 A.2d at 873-75 *and Horne*, 125 N.H. at 255-56, 480 A.2d at 121-22; *cf. Morin*, 111 N.H. at 116-17, 276 A.2d at 478 (indictment alleging defendants acted "in concert with" co-defendants sufficiently understandable to permit preparation of defendants' defenses). This is the first time we have been presented with an indictment sufficiently charging a substantive offense as a principal, but containing no express language indicating that accomplice liability is also intended. Considering that the distinction between principal and accomplice liability for charging purposes lacks practical significance, *see Doles*, 564 N.Y.S.2d at 16, we hold that when a defendant is sufficiently charged by an indictment as a principal, the indictment is sufficient to allow the defendant to prepare a defense to the substantive offense for principal or accomplice liability.

*Affirmed.*

All concurred.