Cheshire
No. 7436

THE STATE OF NEW HAMPSHIRE

v.

CLYDE A. LAPLANTE

May 31, 1977

*David H. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general (*Mr. Haffer* orally), for the state.

*Kfoury & Williams,* of Manchester (*Joseph Williams* orally), for the defendant.

DOUGLAS, J. The question presented herein is whether a criminal defendant charged with attempted murder, who requests a jury instruction on the "lesser included" offense of attempted manslaughter and is found guilty of that offense, may then appeal his conviction on the grounds that the crime of attempted manslaughter does not exist. The Superior Court (*Loughlin,* J.) denied the defendant's motion to set aside the verdict and for release, and transferred his exceptions thereto to this court. For the reasons which follow below, we affirm.

The defendant argues that the offense of "attempted manslaughter" is a logical impossibility. He points out that in order to convict a defendant of an attempted crime under RSA 629:1, it must be shown that he acted with a "purpose" that a crime be com-

mitted. He contends that manslaughter is by its very nature an "unintentional" killing, and that it is not possible for a defendant to have a purpose to commit an unintentional act.

There are decisions elsewhere which indicate that the crime of attempted manslaughter does exist. *See Vogel v. State,* 124 Fla. 409, 168 So. 539 (1936); *State v. Crutcher,* 231 Iowa 418, 1 N.W.2d 195 (1941); R. Perkins, Criminal Law 574–75 (2d ed. 1969). *Contra, People v. Weeks,* 86 Ill. App. 2d 480, 230 N.E.2d 12 (1967). While the matter is not free from all doubt in New Hampshire under RSA 630:2 I-a and -b (Supp. 1975), we need not decide that question in this case.

At trial, the defendant requested the court to submit the following instruction to the jury: "If you . . . find that the Defendant purposely or knowingly attempted to cause the death of Richard Vitello which would otherwise constitute murder, but that the Defendant at said time, was acting under the influence of an extreme mental or emotional disturbance, then the Defendant cannot be found 'guilty' of attempted murder, but may be found 'guilty' of attempted manslaughter. . . ." The court granted the defendant's request and gave the instruction. The jury found the defendant guilty of the lesser included offense. In a closely related case, wherein a defendant pleaded guilty to attempted manslaughter as a lesser-included offense and then sought to reverse his conviction on the grounds presented herein, the New York Court of Appeals stated "[I]f a defendant is to rely on this . . . argument, however, he ought to have made his reliance clear on the trial. The alternative given to a jury of finding the accused guilty of a lesser degree of crime may often be beneficial to him, since it permits a jury to exercise without explanation a technically incorrect measure of mercy if conviction in the lower degree is not consistent with the proof. . . . He ought not to be allowed to take the benefit of the favorable charge and complain about it on appeal." *People v. Foster,* 19 N.Y.2d 150, 153–54, 225 N.E.2d 200, 202 (1967), *quoting People v. Legacy,* 4 App. Div. 2d 453, 455, 167 N.Y.S.2d 93, 96 (1957); *see* R. Perkins, Criminal Law 575 (2d ed. (1969)). We find this reasoning persuasive in the instant case. Having himself requested the instruction of which he presently complains, the defendant may not now successfully assert error on the part of the trial judge. *See State v. Gagnon,* 111 N.H. 94, 97, 276 A.2d 3, 6 (1971).

*Exceptions overruled.*

All concurred.