New London District Court
No. 84-287

### THE STATE OF NEW HAMPSHIRE

v.

### KURT JACOBSON

December 31, 1984

*Gregory H. Smith,* attorney general (*Robert B. Muh,* attorney, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The New London District Court (*McSwiney,* J.) transferred to us the question whether the defendant's prior uncounseled conviction for driving while intoxicated, first offense, may constitutionally be used to expose him to a sentence of imprisonment in his trial for DWI, second offense, as is authorized by RSA 265:82-b, I(b) (Supp. 1983). The defendant argues that, absent a knowing and intelligent waiver of counsel, the use of an uncounseled conviction to convert the sentence of a subsequent offense into a term of imprisonment violates the New Hampshire and federal constitutional guarantees of the right to counsel. N.H. CONST. pt. I, art. 15; U.S. CONST. amend. VI. After this question was transferred, we decided *State v. Cook,* 125 N.H. 452, 481 A.2d 823 (1984). In light of *Cook,* we find the defendant's claim to be without merit.

*Cook* held that uncounseled motor vehicle violation convictions could constitutionally support a decree of habitual offender status even though imprisonment resulted from violation of the decree. *Id.* at 458, 481 A.2d at 828; *see* RSA 262:23. Although *Cook* concerned a civil disability status, and not sentence enhancement, we believe that our opinion in *Cook* adequately addressed the State and federal constitutional issues before us in the present case. We therefore find it dispositive of the defendant's claim.

*Remanded.*