Hillsborough-northern judicial district
No. 93-853

### THE STATE OF NEW HAMPSHIRE

v.

### GREGORY HORNE

August 4, 1995

*Jeffrey R. Howard,* attorney general (*Joseph N. Laplante,* assistant attorney general, on the brief, and *John P. Kacavas,* assistant attorney general, orally), for the State.

*Brennan, Caron, Lenehan & Iacopino,* of Manchester (*Michael J. Iacopino* and *Timothy I. Robinson* on the brief, and *Mr. Robinson* orally), for the defendant.

HORTON, J. The defendant, Gregory Horne, appeals an order of the Superior Court (*Hampsey,* J.) denying his presentence motion to withdraw his guilty pleas. We reverse and remand.

The defendant was charged with six counts of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1994), one count of criminal restraint, RSA 633:2 (1986), three counts of simple assault, RSA 631:2-a (1986), two counts of false imprisonment, RSA 633:3 (1986), and two counts of criminal threatening, RSA 631:4 (1986). Pursuant to a negotiated plea agreement and following a full *Boykin* colloquy, *see Boykin v. Alabama,* 395 U.S. 238 (1969), the defendant pleaded guilty to one count of aggravated felonious sexual assault, two counts of simple assault, one count of criminal restraint, and two counts of criminal threatening. The court scheduled a sentencing hearing but at the hearing refused to sentence the defendant because the presentence investigation report revealed that the

defendant had expressed serious misgivings about his guilty pleas to the probation officer involved in the presentence investigation. The trial court suggested that the defendant file a motion to withdraw his pleas and continued the matter to permit the defendant to consult with new counsel.

The defendant subsequently filed a motion to withdraw his guilty pleas, alleging that, as a result of defense counsel's coercion, they were not knowing, intelligent, or voluntary. The defendant produced evidence that he had repeatedly professed his innocence to prior counsel, to the probation officer involved with the presentence investigation, and to the court at the initial sentencing hearing. In summation, the defendant argued that "justice demands" that the court permit him to withdraw his guilty pleas. The trial court denied the motion. In its order, the court stated that it would not address the defendant's motion under the *Sarette* "fair and just" standard, *see State v. Sarette*, 134 N.H. 133, 138, 589 A.2d 125, 128 (1991), because the defendant specifically challenged the pleas on the ground that they were not knowing, intelligent, or voluntary. Consequently, the court did not address whether, on the circumstances presented to the court, withdrawing the guilty pleas would be "fair and just." *See id.*

■ The State argues that the *Sarette* issue was not raised and therefore it was proper for the court not to address it. We disagree. In *Sarette*, we held that the standard to be applied in all cases where a defendant seeks to withdraw a plea of guilty prior to sentencing is the "fair and just" standard. *Sarette*, 134 N.H. at 138, 589 A.2d at 128. *Sarette* established a more liberal standard for withdrawal prior to sentencing than the "manifest injustice" standard required in postsentencing plea withdrawals. *Id.* Under *Sarette*, the defendant has the initial burden of proving a fair and just reason for withdrawing the guilty plea. *Id.* at 140, 589 A.2d at 129. If the defendant establishes sufficient grounds to warrant withdrawal, the burden shifts to the State to prove that it will be substantially prejudiced by withdrawal of the plea. *Id.* Nowhere in *Sarette* do we require the defendant to invoke the magic words "fair and just" in order for the court to consider the motion under this standard; the defendant need only present a fair and just reason for withdrawing his plea in order to invoke the fair and just standard.

■ In *Sarette*, the trial court considered seven factors in its determination of whether it was fair and just to grant the defendant's presentence motion to withdraw his guilty plea. *See id.* at 138, 589 A.2d at 128. The defendant's motion in the instant case addressed a significant number of these factors: (1) that the

defendant has asserted his innocence; (2) that the pleas were not knowing, intelligent, and voluntary; and (3) that the defendant lacked the close assistance of counsel. The court's order denying the defendant's motion reveals that the court was fully aware of the fair and just standard, but chose not to apply it based on the belief that its application was not proper when a defendant attacks the plea on the grounds that it was not knowing, intelligent, or voluntary. Challenges to pleas on the fair and just standard and constitutional challenges that the pleas are not knowing, intelligent, or voluntary are not mutually exclusive. Furthermore, a finding that a plea was knowing, intelligent, and voluntary for constitutional purposes does not preclude a finding that withdrawal of such plea would be fair and just under *Sarette*.

We hold that when a defendant moves to withdraw a guilty plea before sentencing, the court must apply the *Sarette* standard to determine whether the facts and circumstances advanced by the defendant would make withdrawal fair and just. We reverse the order of the trial court for failing to apply this standard and remand for a determination of whether allowing the defendant to withdraw his guilty pleas would be fair and just. *See Sarette*, 134 N.H. at 138, 589 A.2d at 128.

*Reversed and remanded.*

All concurred.