Carroll
No. 94-216

THE STATE OF NEW HAMPSHIRE

v.

ERIC THORNTON

December 22, 1995

534

*Jeffrey R. Howard*, attorney general (*Mark D. Attorri*, assistant attorney general, on the brief and orally), for the State.

*McLaughlin, Hemeon & Lahey, P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the defendant.

HORTON, J. The defendant, Eric Thornton, appeals the denial of his motion to withdraw his guilty plea by the Superior Court (*Fitzgerald*, J.). We affirm.

On November 5, 1992, the grand jury issued an indictment charging that the defendant "did commit the crime of second degree murder in that he, in concert with and aided by Roy Wrenn, did knowingly cause the death of Nelson 'Sonny' Goodno." The defendant moved to dismiss the indictment on the ground that accomplice to second degree murder is not a crime recognized by the Criminal Code. The court denied the defendant's motion to dismiss, but before the court issued an opinion, the defendant agreed to plead guilty to second degree murder.

On September 10, 1993, the defendant entered a plea of guilty to the charge of second degree murder. At his sentencing hearing on November 23, 1993, however, he sought to withdraw his guilty plea and proceed to trial, alleging that he had been under substantial stress and his lawyers had not adequately represented his interests during the plea negotiations. The court refused to allow the defendant to withdraw his plea at that time, ruling that the reasons articulated by the defendant *pro se* were insufficient to support a conclusion that it was fair and just to allow the defendant to withdraw his plea. The court, however, ordered that new counsel be appointed to represent the defendant in a "full-blown hearing" on the issue of whether it would be "fair and just" to withdraw the plea pursuant to *State v. Sarette*, 134 N.H. 133, 589 A.2d 125 (1991).

The *Sarette* hearing was initially scheduled for December 28, 1993. At that time, however, the defendant sought to limit the

hearing to determining whether his September 10 plea was knowing, voluntary, and intelligent pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969). He contended that the *Boykin* hearing should be based solely on the record; that the record should be limited to the indictment, the acknowledgement of rights form, and the September 10 hearing; and that he should not be required to waive his attorney-client privilege to determine whether his plea was knowing, voluntary, and intelligent. If he did not prevail on the *Boykin* issue, the defendant argued the court should conduct a separate *Sarette* hearing at which the court could consider attorney-client communications.

On January 31, 1994, the court refused to rule on the merits of the defendant's *Boykin* claim and limited the upcoming hearing to those issues raised by the defendant at his November 23 sentencing hearing, *i.e.*, whether withdrawal of the plea would be "fair and just." On February 17, 1994, the defendant stated that he was not willing to go forward with the *Sarette* hearing. He reiterated his argument that the *Boykin* issue should be decided first because it does not require a waiver of the attorney-client privilege. He also contended that if the trial court decided the *Boykin* issue adversely to him, he should be allowed to exercise his appellate rights before proceeding to the *Sarette* hearing.

The defendant then moved for an evidentiary hearing, reasserting that the record for purposes of *Boykin* should be limited to the record of the plea colloquy, the indictment, and the acknowledgement of rights form. The only evidence that the defendant sought to introduce was testimony of his trial attorney, who he claimed would testify as to why the words "and I intended to do so" were crossed out on the acknowledgement of rights form. On February 25, 1994, the trial court ruled that the defendant waived his right to litigate the *Boykin* issue, but further stated: "The court specifically finds that the record of the proceeding was broadened by the Court's inquiry concerning its ruling on the MOTION TO DISMISS before the plea was entered to include that hearing and all associated documents, and that the *defendant by his presence at that hearing understood the nature of the charge against him* with respect to indictment No. 92-S-396 as required by *Henderson v. Morgan*, 426 U.S. 637 (1976)." (Emphasis added.) The court also denied the defendant's request for an evidentiary hearing.

Finally, on March 4, 1994, the defendant was scheduled for sentencing. The defendant asserted that he should not be forced to waive his right to a *Sarette* hearing because he chose to litigate the *Boykin* issue on appeal. The defendant moved for an interlocutory

appeal, which the court denied. The court sentenced the defendant to twenty-four years to life in prison. The defendant appeals on the issues surrounding his motion to withdraw his plea.

## I. Boykin Claim

The defendant contends that the record of his September 10 plea does not reflect that his plea was knowing, voluntary, and intelligent as required by part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments to the United States Constitution. *Richard v. MacAskill*, 129 N.H. 405, 407, 529 A.2d 898, 900 (1987); *see Boykin*, 395 U.S. at 242. We address the defendant's arguments first under the State Constitution, *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983), considering federal law only as an analytical aid, *State v. Maya*, 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985). When, as in the instant case, the federal law is not more favorable to the defendant, *see Henderson v. Morgan*, 426 U.S. 637, 644-47 (1976), we make no separate federal analysis, *see State v. Davis*, 139 N.H. 185, 189, 650 A.2d 1386, 1388 (1994).

Before he pleaded guilty, the defendant filed a motion to dismiss the indictment on the ground that the crime of accomplice to second degree murder is not recognized by the Criminal Code. Relying on *State v. Etzweiler*, 125 N.H. 57, 480 A.2d 870 (1984), the defendant argued that because the accomplice crime requires the defendant to act "[w]ith the purpose of promoting or facilitating the commission of the offense," RSA 626:8, III(a) (1986), the indictment could not charge him with accomplice liability for a knowing second degree murder. The trial court conducted a hearing on the issue at which the defendant was present. The trial court notified the parties that it intended to deny the motion to dismiss, after which the defendant pleaded guilty.

Subsequently, the defendant argued that his plea was not knowing, voluntary, and intelligent because he was not aware that the State must prove beyond a reasonable doubt that he committed the crime of accomplice to second degree murder "with the purpose of promoting or facilitating the commission of the offense." The trial court considered the basis of the defendant's *Boykin* claim to have been waived by his plea. The court reasoned that due to the identity of the issues raised in the motion to dismiss the indictment and the motion to withdraw the guilty plea, the defendant should not be allowed to reargue an issue that the court had already decided adversely to the defendant. The court also noted that by pleading guilty the defendant had waived his right to appeal the adverse ruling on his motion to dismiss the indictment. As noted above, however, in response to the defendant's assertions that he did not

understand the crime to which he was pleading guilty, the court specifically found that the defendant did understand those charges.

■ Although the issues involved in the motion to dismiss the indictment and the motion to withdraw the guilty plea are similar, the court was incorrect in concluding that the issues were identical. The motion to dismiss involved the sufficiency of the indictment, while the motion to withdraw the guilty plea involved the defendant's understanding of the elements of the crime to which he was pleading guilty. It is unnecessary, however, for us to remand this case for a determination of the *Boykin* claim. The defendant's argument for withdrawing his guilty plea is based solely on his position that the record of the plea proceedings does not affirmatively demonstrate that he understood the elements of the charge of accomplice to second degree murder. The court, however, found that the defendant understood the elements of the charge. "Granting withdrawal of a plea rests with the sound discretion of the trial court, and we will not set aside a trial court's findings unless the defendant shows an abuse of that discretion." *Sarette*, 134 N.H. at 138, 589 A.2d at 128. Moreover, "the court is not required to believe the defendant's statements." *State v. Laforest*, 140 N.H. 286, 289, 665 A.2d 1083, 1086 (1995). We hold that the record supports the trial court's finding.

As previously noted, the indictment to which the defendant pleaded guilty charged him with committing the crime of second degree murder "in concert with" Roy Wrenn. This language is sufficient to charge the defendant as both a principal and accomplice to second degree murder. *See State v. Thresher*, 122 N.H. 63, 69, 442 A.2d 578, 580-81 (1982). It is unclear whether the defendant pleaded guilty to acting as a principal or as an accomplice. Even if we accept the defendant's contention that he pleaded guilty to accomplice to second degree murder, his *Boykin* argument is meritless.

■ In order for a plea to be knowing, voluntary, and intelligent, the defendant must understand the essential elements of the crime to which he is pleading guilty. *Henderson*, 426 U.S. at 645. During the plea colloquy, however, the court need not inquire whether the defendant understands each element of the crime. The court may assume that "defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* at 647; *cf. State v. Allard*, 116 N.H. 240, 242, 356 A.2d 671, 672 (1976) (noting that the court need not question defense counsel in detail to determine whether counsel's advice was correct).

In this case, both the defendant and his counsel signed an acknowledgement of rights form. As part of that form, the defense counsel acknowledged that "[a]s counsel for the defendant, I have thoroughly explained to the defendant all the above, *including the nature of the charge, the elements of the offense which the State must prove beyond a reasonable doubt* and the maximum and minimum penalties." (Emphasis added.) Moreover, the defendant was present at the hearing on the motion to dismiss the indictment. This hearing dealt with the defendant's contention that the indictment was insufficient because it did not include an allegation that the defendant had "the purpose of promoting or facilitating" the commission of the crime as required by RSA 626:8, III(a). The trial court denied the motion to dismiss. The defendant asserts that the motion to dismiss and the hearing thereon should not be considered part of the record for the purpose of satisfying the *Boykin* requirements. This contention simply does not make sense, particularly in light of the fact that the court specifically referred to the motion to dismiss during the plea colloquy. During the plea colloquy, the court stated:

> Now, back in — in August, we went through a hearing for the better part of the day on a motion to suppress evidence, and on a motion to dismiss the Indictment, which you're now pleading guilty to. The Court ruled against you in both of those particular motions, that is, your motion to suppress, and the motion to dismiss. Do you understand that by entering a plea of guilty, you're no longer going to be able to challenge or appeal the rulings of the Court concerning those matters that we have already heard?

The defendant responded in the affirmative. It was reasonable for the trial court to rely on the assertions of the defendant's trial counsel, as well as the defendant's presence at the hearing on the motion to dismiss where the *mens rea* of the accomplice charge was discussed, in concluding that the defendant understood the elements of the crime to which he pleaded guilty. *See State v. Stone*, 113 N.H. 36, 300 A.2d 331 (1973).

Because he denied certain factual portions of the indictment, the defendant also asserts that the record does not clearly indicate that he acknowledged the elements of the offense to which he pleaded guilty. Specifically, a portion of the acknowledgement of rights form reads: "I admit that I committed the acts charged in the indictment and that I intended to do so." The phrase "and that I intended to do so" is crossed out on the form signed by the defendant. Moreover, at the plea colloquy the defendant denied that he repeatedly struck the

victim in the head. The defendant argues that these facts are a denial of both the *mens rea* and *actus reus* of the crime of accomplice to second degree murder.

■ "A subjective belief in one's innocence does not render a guilty plea involuntary as long as there are grounds for doubting the reliability of that belief and for believing that one's defense at trial would be unsuccessful." 2 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 760, at 165 (2d ed. 1991); *see North Carolina v. Alford*, 400 U.S. 25 (1970). At the plea colloquy in this case, the State made an extensive offer of proof, describing the facts leading up to the death of the victim. "An individual accused of crime may voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37. Given the State's offer of proof and the defendant's admission that he committed the substance of the charged offense described by the State, we find the defendant's denial of certain aspects of the crime insufficient to reverse the trial court's finding that the defendant understood the elements of the crime to which he pleaded guilty.

■ The defendant further argues that the trial court erred in refusing to grant him an evidentiary hearing on his motion to withdraw his guilty plea. We hold that when the defendant's reasons for withdrawing his plea are based solely on the position that the record is deficient, the defendant is not in all cases entitled to an evidentiary hearing. "[T]he defendant has the burden of proving sufficient grounds for the withdrawal motion, regardless of when it is filed." *Sarette*, 134 N.H. at 138, 589 A.2d at 128. "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992).

■ The only evidence that the defendant offered to produce was the testimony of his trial attorney. The defendant asserted that the purpose of this testimony was simply to clarify the record. The defendant never offered to waive his attorney-client privilege or to offer evidence outside of the record to support his position that his plea was not knowing, voluntary, and intelligent. Because we conclude that the record was adequate to support the trial court's conclusion that the defendant understood the *mens rea* element of the charge of accomplice to second degree murder, we hold that the trial court did not err in denying the defendant's request for an evidentiary hearing.

■ Finally, the defendant asserts that the crime of accomplice to second degree murder, to which he claims he pleaded guilty, does not exist under the Criminal Code. We do not need to address this issue because the defendant waived this argument when he pleaded guilty. Since the indictment was sufficient to charge the defendant as a principal to the crime of second degree murder, *see Thresher*, 122 N.H. at 69, 442 A.2d at 580-81, any uncertainty as to whether the crime of accomplice to second degree murder exists under the Criminal Code, *see Etzweiler*, 125 N.H. at 65, 480 A.2d at 875, does not undermine the defendant's guilty plea. *See Downer v. State*, 543 A.2d 309, 312 (Del. 1988); *cf. State v. LaPlante*, 117 N.H. 417, 418, 374 A.2d 643, 644 (1977) (upholding conviction where defendant requested a jury instruction on a lesser-included offense that was a nonexistent crime). We therefore conclude that the defendant's *Boykin* argument is without merit.

## II. Sarette Hearing

The defendant argues that he is entitled to a final appellate determination on the *Boykin* issue, which he asserts does not require waiver of the attorney-client privilege, separate from other grounds for the withdrawal of his guilty plea that do require waiver of the privilege. We disagree.

In *State v. Horne*, 140 N.H. 90, 663 A.2d 92 (1995), we held that "[c]hallenges to pleas on the fair and just standard and constitutional challenges that the pleas are not knowing, intelligent, or voluntary are not mutually exclusive." *Id.* at 92, 663 A.2d at 94. In *Horne*, the trial court refused to proceed with a *Sarette* hearing because the defendant only raised the claim that his plea was not knowing, voluntary, or intelligent as the basis for withdrawing his plea. *Id.* We held that when the defendant raises a fair and just reason for withdrawal of his plea before sentencing, the trial court must consider the *Sarette* factors even if the defendant does not use the words "fair and just." *Id.* at 91, 663 A.2d at 94.

In *Horne,* the defendant did not choose as a tactical matter to pursue the constitutional claim that his plea was not knowing, voluntary, or intelligent separate from his claim that a withdrawal of the plea would be fair and just. While Horne's motion to withdraw his guilty plea was framed in terms of the *Boykin* standard, he raised a number of factors that are a part of the fair and just consideration. *See id.* at 91–92, 663 A.2d at 94. The court's rationale in *Horne* was that since the defendant raised factors that go to the fairness and justice of the withdrawal of his plea, the trial court should have considered both the constitutional and

nonconstitutional grounds for withdrawal of the plea at the same time. *Id.*

In the present case, the defendant made a tactical decision not to waive his attorney-client privilege and to proceed only with the *Boykin* issue. When he moved *pro se* to withdraw his plea on November 23, the defendant raised a number of factors that are at issue in the "fair and just" consideration. *See Sarette*, 134 N.H. at 138, 589 A.2d at 128. The trial court, however, found that these claims, as articulated by the defendant *pro se*, were unsubstantiated. The court then appointed new counsel to assist the defendant in articulating why he believed his plea should be withdrawn. The court provided the defendant ample opportunity to support his assertion that it would be fair and just to withdraw his plea. The defendant, however, refused to proceed with the fair and just inquiry.

The defendant cites no authority for his proposition that he is entitled to a final determination of the *Boykin* issue before he proceeds with the "fair and just" hearing. The defendant's argument would permit him two bites at the apple, delaying final judgment and sentence and wasting judicial resources.

> Th[e] final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. In a criminal case the rule prohibits appellate review until conviction and imposition of sentence.
>
> The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the prejudgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.

*Flanagan v. United States*, 465 U.S. 259, 263-64 (1984) (citations and quotation omitted); *see* SUP. CT. R. 8; *Arsenault v. Willis*, 117 N.H. 980, 982, 380 A.2d 264, 266 (1977) (citing *State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977)). We therefore reject the defendant's argument that the *Boykin* issue must receive final appellate review before the trial court holds a *Sarette* hearing.

Pursuant to *Horne*, the trial court must consider any fair and just reason to allow the defendant to withdraw his guilty plea.

The defendant chose not to participate in the *Sarette* hearing and failed to demonstrate sufficient facts to support the conclusion that it would be fair and just to allow him to withdraw his plea. He, therefore, has forfeited the opportunity to have his plea withdrawn under the fair and just standard of *Sarette*. Any future attempt by the defendant to withdraw his plea must be determined by the trial court under the post-sentence "manifest injustice" standard. *See State v. LaRoche*, 117 N.H. 127, 131, 370 A.2d 631, 634 (1977).

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.