Belknap
No. 94-311

THE STATE OF NEW HAMPSHIRE

v.

VELVET WEEKS

August 2, 1996

*Jeffrey R. Howard*, attorney general (*Mark D. Attorri*, assistant attorney general, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Velvet Weeks, appeals the revocation of her suspended sentence. She argues that the Superior Court (*Morrill*, J.) erred in relying on a misdemeanor stalking conviction as the basis for revoking her suspended sentence from a prior witness tampering conviction because she was not provided with counsel during the proceedings on the stalking charge. She also challenges the constitutionality of the stalking statute, RSA 633:3-a (Supp. 1995). We affirm.

In November 1989, the defendant pled guilty to witness tampering, a class B felony. RSA 641:5 (1986). She was sentenced to one-and-one-half to three years in prison, suspended for five years on the condition of good behavior. In September 1993, the defendant was charged with stalking. RSA 633:3-a. The complaint alleged that the defendant had verbally threatened the victim on three occasions and had looked into the windows of the victim's home. The offense was originally charged as a class A misdemeanor but was reduced to a class B misdemeanor at the arraignment. *See* RSA 625:9, VII(a) (Supp. 1995). Because incarceration is not an available sentence for a class B misdemeanor, *see* RSA 625:9, IV(b) (Supp. 1995), the defendant was not provided with counsel. The defendant was convicted of the offense in December 1993.

Shortly thereafter, the State moved to revoke the suspended witness tampering sentence on the basis of the defendant's misdemeanor stalking conviction. The defendant, who was represented by counsel during the suspension proceedings, filed a motion *in limine* to exclude evidence of the misdemeanor conviction, arguing that an uncounseled conviction cannot be used as a basis to revoke a suspended sentence. During the first of two days of hearings in April 1994, the trial court denied the defendant's motion. The State introduced a certified copy of her conviction, which the defendant challenged, asserting that the stalking statute is unconstitutionally overbroad and vague. The trial court rejected the State's argument that the constitutionality of the statute could not be attacked collaterally, and found no constitutional deficiency in the statute. The court then found that the defendant had violated the good behavior condition of her suspended sentence, and ordered her to serve nine months to two years of the sentence.

The defendant appeals, arguing that: (1) the trial court's revocation of her suspended sentence, based upon her uncounseled class B misdemeanor conviction, violates her rights to counsel and due process under part I, article 15 of the New Hampshire Constitution and the fifth, sixth, and fourteenth amendments to the United States Constitution; and (2) RSA 633:3-a, the stalking statute, is unconstitutionally vague and overbroad under part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments to the United States Constitution.

We address the defendant's claim first under the State Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), considering cases from the federal courts and courts of other States only as an analytical aid, *State v. Grant-Chase*, 140 N.H. 264, 266, 665 A.2d 380, 382 (1995), *cert. denied*, 116 S. Ct. 1431 (1996). Where,

as in the instant case, the federal law is not more favorable to the defendant, *see Nichols v. United States*, 114 S. Ct. 1921 (1994), we make no separate federal analysis. *See State v. Justus*, 140 N.H. 413, 414, 666 A.2d 1353, 1354 (1995).

We first address the defendant's right to counsel claim. It is well-settled that absent a valid waiver, an indigent defendant may not be sentenced to imprisonment unless he or she was represented by counsel in the proceedings leading to his or her conviction. *Scott v. Illinois*, 440 U.S. 367, 373–74 (1979). Conversely, when no term of incarceration is imposed, a defendant charged with a misdemeanor has no constitutional right to counsel. *See id.* The defendant argues that because the uncounseled misdemeanor stalking conviction provided the sole basis for revoking the defendant's suspended sentence, she was incarcerated without the assistance of counsel in violation of her right to counsel. *See Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972); *State v. Cook*, 125 N.H. 452, 455, 481 A.2d 823, 825–26 (1984). In *State v. Cook*, we rejected this "but for" analysis, which rests on the argument that the defendant would not have been imprisoned in the instant case but for an earlier uncounseled conviction that did not result in incarceration. *Cook*, 125 N.H. at 455, 481 A.2d at 826; *see State v. Jacobson*, 125 N.H. 838, 838, 485 A.2d 1048, 1048 (1984). In *Cook*, the trial court imposed an habitual offender order on the defendant based on four prior uncounseled motor vehicle violations. *Cook*, 125 N.H. at 454, 481 A.2d at 825. The defendant was charged with violating the habitual offender order, subjecting him to possible imprisonment for this violation. *Id.* We rejected the defendant's argument that "collateral use of the uncounselled convictions would emasculate the guarantee of counsel in a later prosecution for violation of an habitual offender order." *Id.* at 455, 481 A.2d at 825–26. In *Jacobson*, we rejected that same argument for sentence enhancement. *Jacobson*, 125 N.H. at 838, 485 A.2d at 1048. We now must determine whether a *subsequent* uncounseled misdemeanor conviction that is constitutionally valid may be used as the basis for revoking a suspended sentence.

In permitting the collateral use of a prior uncounseled misdemeanor conviction to enhance a prison sentence on a subsequent offense, the United States Supreme Court in *Nichols v. United States* observed that "the line should be drawn between criminal proceedings which resulted in imprisonment, and those which did not." *Nichols*, 114 S. Ct. at 1927. This interpretation of the right to counsel comports with part I, article 15 of the New Hampshire Constitution, which reads: "Every person held to answer in any crime or offense *punishable by deprivation of liberty*, shall

have the right to counsel . . . ." (Emphasis added.) The fact that the conduct for which the defendant was convicted without the assistance of counsel has collateral ramifications "do[es] not change the penalty imposed for the earlier conviction." *Nichols*, 114 S. Ct. at 1927. In other words, the defendant was not imprisoned for the misdemeanor stalking conviction; she was imprisoned for engaging in conduct that violated the conditions of her suspended sentence. We therefore hold that a constitutionally valid subsequent uncounseled conviction has no greater collateral impact than the prior uncounseled convictions at issue in *Nichols* and *Cook*. Accordingly, the defendant's right to counsel under the New Hampshire Constitution has not been violated.

Next the defendant argues that revocation of her suspended sentence based on the uncounseled misdemeanor stalking conviction violates her right to due process under part I, article 15 of the New Hampshire Constitution. In *Stone v. Shea*, 113 N.H. 174, 176–77, 304 A.2d 647, 648–49 (1973), we held that the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), for the revocation of parole are applicable to proceedings for the revocation of a suspended sentence. These requirements include the right to notice, to disclosure of evidence, to present evidence, to confront and cross-examine witnesses, to a record, and, as we held in *Stapleford v. Perrin*, 122 N.H. 1083, 1088, 453 A.2d 1304, 1307 (1982), to representation by counsel. A suspended sentence may be revoked, consistent with these procedural guidelines, upon proof by a preponderance of the evidence of a violation of the condition upon which the sentence was suspended. *Stone*, 113 N.H. at 176–77, 304 A.2d at 648. Here, that condition was good behavior. The State's burden of proof in a revocation proceeding is satisfied either "by establishing the fact of a criminal conviction for the acts which constitute the violation or by proof of the commission of the underlying acts." *Moody v. Cunningham*, 127 N.H. 550, 554, 503 A.2d 819, 821 (1986).

The defendant relied primarily on the position that because uncounseled convictions are unreliable they should not be used as the basis for revoking a suspended sentence. In *Cook*, we rejected a similar argument that minor uncounseled violations should not provide the basis for an habitual offender order because they are unreliable. *Cook*, 125 N.H. at 456-57, 481 A.2d at 826. We recognized that because of the nature of such violations they do not pose serious problems of reliability. *Id.* at 456, 481 A.2d at 826; *cf. Jacobson*, 125 N.H. at 838, 485 A.2d at 1048 (adopting the reasoning of *Cook* to uphold the use of uncounseled misdemeanor convictions for sen-

tence enhancement). Moreover, the Supreme Court, analyzing the use of misdemeanor convictions for sentence enhancement, concluded in *Nichols*:

> Thus, consistently with due process, petitioner in the present case could have been sentenced more severely based simply on evidence of the underlying conduct which gave rise to the previous . . . offense. And the state need only prove such conduct by a preponderance of the evidence. Surely, then, it must be constitutionally permissible to consider a prior uncounseled misdemeanor conviction based on the same conduct where that conduct must be proven beyond a reasonable doubt.

*Id.* at 1928 (citation omitted). These same considerations apply to revocation of the suspended sentence. The defendant's sentence could have been revoked based on the conduct underlying the misdemeanor stalking conviction. *Moody*, 127 N.H. at 554, 503 A.2d at 821. The State would only need to prove these facts by a preponderance of the evidence. *Stone*, 113 N.H. at 176–77, 304 A.2d at 648. The facts supporting the misdemeanor stalking conviction were established beyond a reasonable doubt. It would be anomalous to conclude that the facts were reliable to support the misdemeanor stalking conviction but that they were unreliable for revocation of the suspended sentence where the burden of proof is lower. We therefore do not believe that the defendant's right to due process has been violated.

Finally, the defendant seeks to attack her misdemeanor conviction collaterally on the basis that RSA 633:3-a, the stalking statute, is unconstitutionally vague and overbroad under part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments to the United States Constitution. The defendant failed to raise this issue on direct appeal. We decline to address this argument because the defendant has no right to challenge prior convictions collaterally at the hearing revoking her suspended sentence except when the prior conviction was based on a denial of the right to appointed counsel, "a unique constitutional defect." *Custis v. United States*, 114 S. Ct. 1732, 1738 (1994) (holding that right to attack collaterally prior convictions used for sentence enhancement purposes cannot be extended beyond the right to have appointed counsel); *State v. Grondin*, 132 N.H. 194, 201, 563 A.2d 435, 439 (1989) (habitual offender finding may not be attacked collaterally when defendant did not appeal it and the defendant did not allege that he was denied the right to counsel at the prior proceedings); *see State v. Gosselin*, 117 N.H. 115, 121, 370 A.2d 264,

269–70 (1977) (holding that defendant may challenge prior convictions used to support sentence enhancement when he was unrepresented at the prior trial); *see also Fairbanks v. State*, 629 A.2d 63, 68 (Md. 1993). At a hearing to revoke a suspended sentence, the trial court is faced with only the narrow question of whether the defendant engaged in conduct that violated the terms of the defendant's suspended sentence. *See Stapleford*, 122 N.H. at 1089, 453 A.2d at 1307. We do not believe that such a hearing is an appropriate forum for challenging the constitutionality of the statute underlying a prior conviction. *Cf. Custis*, 114 S. Ct. at 1738 (noting that ease of administration supports distinction between collateral attack of underlying conviction in sentencing based on denial of right to counsel and other challenges to conviction). We held above that the defendant was not denied her constitutional right to appointed counsel at trial for the misdemeanor stalking conviction. Accordingly, the defendant had no grounds at the revocation hearing for attacking the misdemeanor stalking conviction. *See Grondin*, 132 N.H. at 201, 563 A.2d at 439.

*Affirmed.*

All concurred.