Portsmouth District Court
No. 94-201

## THE STATE OF NEW HAMPSHIRE

v.

## RICHARD JANES, JR.

October 24, 1996

*Jeffrey R. Howard*, attorney general (*John A. Stephen*, assistant attorney general, on the brief, and *Mark D. Attorri*, senior assistant attorney general, orally), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

THAYER, J. The defendant, Richard Janes, Jr., appeals his conviction for driving while intoxicated (DWI), subsequent offense. RSA 265:82, I (Supp. 1995), :82-b, I(b)(1) (1993). He argues that the Portsmouth District Court (*Sullivan*, J.) erred in failing to exclude a prior DWI conviction in Massachusetts from being used for sentence enhancement purposes on the ground that the conviction involved a plea that failed to comply with the constitutional requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). We affirm.

The defendant was charged with DWI, subsequent offense, in November 1993. Less than one year earlier, he had been convicted of DWI in Massachusetts. The defendant did not appeal that conviction. Nonetheless, when the State sought to introduce evidence of the prior conviction at the trial on the subsequent charge in order to enhance his sentence, *see* RSA 265:82-b, I(b)(1), the defendant moved *in limine* to collaterally attack that conviction.

Although the defendant testified at the motion hearing that he pled guilty to the Massachusetts DWI charge, the Massachusetts court docket indicates that the defendant pled not guilty, and then admitted to sufficient facts to allow the Massachusetts court to find him guilty on the DWI charge. Although the parties disagree as to the characterization of the defendant's plea, for purposes of this appeal we will assume that this admission by the defendant was the functional equivalent of a guilty plea. The defendant validly waived his right both to counsel and to a jury trial before the Massachusetts court.

The defendant argues that his prior conviction is constitutionally infirm in that the plea upon which it was based does not meet *Boykin* standards. As interpreted by this court,

> [f]or the purpose of review on direct appeal, *Boykin* requires an affirmative showing on the record that a criminal defendant's plea of guilty was entered voluntarily and with knowledge that its entry waived the privilege against compelled self-incrimination and the rights to be tried by jury and to confront adverse witnesses.

*Richard v. MacAskill*, 129 N.H. 405, 407, 529 A.2d 898, 900 (1987). The defendant contends that his prior conviction does not comply with *Boykin* because the Massachusetts court never informed him of his rights to remain silent and to confront adverse witnesses.

Based upon our recent decision in *State v. Weeks*, 141 N.H. 248, 681 A.2d 86 (1996), we find this argument to be without merit. In *Weeks*, the defendant sought to collaterally challenge a prior misdemeanor stalking conviction by arguing that the stalking statute, RSA 633:3-a (Supp. 1995), was unconstitutionally vague and overbroad. We declined to address this argument because the defendant had no right to collaterally challenge prior convictions "except when the prior conviction was based on a denial of the right to appointed counsel, a unique constitutional defect." *Weeks*, 141 N.H. at 252, 681 A.2d at 89 (quotation omitted); *see Custis v. United States*, 114 S. Ct. 1732 (1994).

The defendant here challenges his prior DWI conviction solely on the ground that the plea entered in that case was not knowing and voluntary because he was never advised of his rights to remain silent and to confront adverse witnesses. This alleged constitutional violation fails to rise "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." *Custis*, 114 S. Ct. at 1738. Because the defendant does not claim a denial of a constitutional right to appointed counsel in the Massachusetts DWI conviction, we hold that he had no basis for attacking that conviction at the trial on the subsequent charge. *See Weeks*, 141 N.H. at 252, 681 A.2d at 89–90.

*Affirmed.*

All concurred.