Rockingham
No. 95-381

HERBERT F. MILLETTE

v.

WARDEN, NEW HAMPSHIRE STATE PRISON

March 12, 1997

654

*Jeffrey R. Howard*, attorney general (*Joseph N. Laplante*, assistant attorney general, on the brief), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief, for the petitioner.

*Herbert F. Millette*, by brief, *pro se*.

THAYER, J. The petitioner, Herbert F. Millette, appeals the denial of his petition for a writ of habeas corpus by the Superior Court (*McHugh*, J.). The petitioner sought to withdraw certain guilty pleas entered in 1979, alleging that the Superior Court (*Randall*, J.) failed to administer a proper plea colloquy to determine whether he understood his constitutional rights. The petitioner argues that the trial judge was obligated to explicitly name each constitutional right that he was waiving. We affirm.

On October 17, 1979, the petitioner pled guilty to twenty-six felonies and two misdemeanors in superior court. On one charge, he received a three-and-a-half to seven-year sentence to run concurrently with a four-year sentence he was then serving in Maine. On January 26, 1987, the petitioner pled guilty to two counts of felony burglary, RSA 635:1 (1986) (amended 1990), and two counts of felonious sexual assault, RSA 632-A:3, II (1996). The Superior Court (*Manias*, J.) imposed an extended sentence based on the two previous terms of imprisonment he had received in Maine and New Hampshire in 1979. RSA 651:6, I(c) (1996). The petitioner filed a petition for writ of habeas corpus in 1995, and now appeals the denial of the petition.

Withdrawal of a guilty plea implicates part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments to the United States Constitution. *See State v. Thornton*, 140 N.H. 532, 536, 669 A.2d 791, 794 (1995). We first address the petitioner's arguments under our State Constitution, *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983), and consider federal law solely as an analytical aid. *State v. Maya*, 126 N.H. 590, 594, 493 A.2d 1139, 1143

(1985). In the instant case, where federal law is not more favorable to the petitioner, we need not engage in a separate federal analysis. *See Diamontopoulas v. State*, 140 N.H. 182, 185, 664 A.2d 81, 82 (1995).

■ The State asserts that the petitioner's challenge to his 1979 guilty pleas is moot because his 1979 sentence has already expired. "We generally will refuse to review a question that no longer presents a justiciable controversy because issues involved have become academic or dead." *Petition of Brooks*, 140 N.H. 813, 816, 678 A.2d 140, 141-42 (1996) (quotation omitted). In this case, the appeal has not become academic or dead. The petitioner is currently serving an extended sentence based, in part, on a sentence he received as a result of his 1979 guilty plea. RSA 651:6, I(c). Accordingly, the petitioner's claim is not moot.

The State does not argue that the petitioner failed to raise a proper issue for a collateral challenge to a prior conviction. *See State v. Weeks*, 141 N.H. 248, 252-253, 681 A.2d 86, 89-90 (1996); *State v. Janes*, 141 N.H. 364, 366, 684 A.2d 499, 500 (1996). Therefore, we do not address the argument here. *See State v. Colbath*, 130 N.H. 316, 323, 540 A.2d 1212, 1216 (1988). We now turn to the merits of the claim.

■ On collateral review of a guilty plea, we first determine "whether the existing record of the case clearly indicates that the petitioner entered his plea knowingly and voluntarily." *Diamontopoulas*, 140 N.H. at 185, 664 A.2d at 82 (quotation omitted); *see Richard v. MacAskill*, 129 N.H. 405, 408-09, 529 A.2d 898, 900 (1987). The petitioner contends that the record does not indicate a knowing and voluntary plea because the trial judge did not explicitly state, during the plea hearing, each of the three State and federal constitutional rights he was waiving, namely: (1) the right against self-incrimination; (2) the right to a jury trial; and (3) the right to face one's accusers. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Richard*, 129 N.H. at 407, 529 A.2d at 900. The claim is without merit.

Contrary to the petitioner's assertions, we do not limit our review of the record to the dialogue between the trial judge and the petitioner during the plea hearing to determine whether the record indicates a knowing and voluntary plea. *See Thornton*, 140 N.H. at 538, 669 A.2d at 795-96 (signed acknowledgment of rights form, motion to dismiss, and hearing thereon are considered part of the record); *Diamontopoulas*, 140 N.H. at 185, 664 A.2d at 83 (signed acknowledgment of rights form is considered part of the record); *Richard*, 129 N.H. at 409, 529 A.2d at 901 (noting that a written

waiver of rights form is considered part of the record). In *Diamontopoulas*, 140 N.H. 182, 664 A.2d 81, we upheld a trial court's refusal to withdraw a guilty plea where the defendant completed and signed an acknowledgment of rights form even though the colloquy did not explicitly discuss the three *Boykin/Richard* rights. *Id.* at 185, 664 A.2d at 83.

In this case, the trial judge asked the petitioner if he understood that he was waiving certain constitutional rights, and he answered in the affirmative. The trial judge also adverted to an acknowledgment of rights form that the petitioner completed and signed that contained all of the *Boykin/Richard* rights:

| | |
|---|---|
| THE COURT: | Mr. Millette, I have before me an Acknowledgement of Rights. You signed this, did you not? |
| THE RESPONDENT: | Yes. |
| THE COURT: | Did you go over it with your attorney? |
| THE RESPONDENT: | Yes. |
| THE COURT: | And you understand by pleading guilty you are waiving certain constitutional rights? |
| THE RESPONDENT: | Yes. |
| . . . . | |
| THE COURT: | . . . has this Acknowledgment of Rights been signed by you willingly and freely? |
| THE RESPONDENT: | Yes. |
| THE COURT: | There has been no pressure used upon you? |
| THE RESPONDENT: | No. |

The record, consisting of the transcript of the hearing and the signed acknowledgment of rights form, indicates "that the trial court affirmatively enquired into the [petitioner's] volition in entering the plea and into his appreciation of those consequences emphasized in the *Boykin* opinion." *Richard*, 129 N.H. at 408, 529 A.2d at 900.

■ Even if the record indicates that the petitioner's pleas were knowing and voluntary, "[i]f the petitioner [can] adequately describe

the specific manner in which his plea was in fact involuntary or without understanding, then he could be entitled to habeas relief. The petitioner must demonstrate this by clear and convincing evidence." *Diamontopoulas*, 140 N.H. at 186, 664 A.2d at 83 (quotation, brackets, and citation omitted). The petitioner alleges three reasons why his pleas were made involuntarily. First, he argues that the clerk, not the trial judge, read the charges to him during the plea hearing. This argument is unpersuasive considering that the trial judge likewise addressed the petitioner regarding his constitutional rights and criminal charges. The petitioner also argues that his plea was involuntary because his mother signed the acknowledgment of rights form. What the petitioner fails to acknowledge to us on appeal, however, is that he too signed the form and initialled every paragraph.

Finally, in his thirty-nine page *pro se* supplemental brief, the petitioner argues he was unable to understand the constitutional rights that he was waiving because of a learning disability. His claim is without merit. At the plea hearing, the petitioner's attorney explained to the trial judge that he went over the entire acknowledgment of rights form with the petitioner in detail. Furthermore, the petitioner admitted that he signed the acknowledgment of rights form, he went over the form with his attorney, he understood his constitutional rights, and he signed the form willingly and freely. Moreover, a general allegation of a learning disability, without more, is insufficient to nullify a guilty plea. *See State v. Bradstreet*, 521 A.2d 679, 681-82 (Me. 1987).

Having considered the additional arguments raised in the petitioner's *pro se* supplemental brief, we conclude that "these arguments are, under the circumstances of this case, without merit, and do not warrant further discussion." *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.