Hillsborough-northern judicial district
No. 96-195

### THE STATE OF NEW HAMPSHIRE

v.

### JAMES E. RYAN

December 29, 1997

*Steven M. Houran*, acting attorney general (*Joseph N. Laplante*, assistant attorney general, on the brief and orally), for the State.

*Albert E. Scherr*, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, James E. Ryan, appeals the Superior Court's (*Groff*, J.) imposition of his deferred sentences of two to four years as a result of his violating the terms of both his deferred sentence order and his probation. On appeal, he argues that the Superior Court (*Barry*, J.) did not have the authority to impose probation as a condition of his deferred sentence. We affirm.

The defendant pleaded guilty to two indictments for issuing bad checks. *See* RSA 638:4 (Supp. 1991). The Superior Court (*McGuire*, J.) sentenced the defendant to the New Hampshire State Prison for two to four years for each charge, to be served concurrently. The court deferred the imposition of each sentence for one year pending the defendant's release from the Carroll County House of Correc-

tions on an unrelated sentence. The sentencing order provided that the defendant could petition the court thirty days prior to the expiration of the deferral period to show cause why the deferred sentences should not be imposed.

At the show cause hearing requested by the defendant, the superior court deferred the defendant's sentences for an additional year and placed the defendant on probation as a condition of the deferral. The defendant did not appeal this order. *See* SUP. CT. R. 3, 7.

While the defendant's sentences were deferred, the State filed a violation of probation report against the defendant and moved to impose the previously deferred sentences on the ground that the defendant had violated his probation. The defendant moved to dismiss the probation violation proceeding, asserting that placing him on probation at the show cause hearing impermissibly augmented his original sentence. The Superior Court (*Lynn*, J.) denied the motion, reasoning, in part, that the defendant could not challenge the validity of being placed on probation at that late date. Subsequently, the Superior Court (*Groff*, J.) held a probation violation hearing. The court found that the defendant had violated the terms of his deferred sentence order and his probation. The court imposed the previously deferred concurrent sentences. The defendant appealed.

On appeal, the defendant argues that the superior court impermissibly augmented his sentence by adding a probationary term to his original sentence. *See State v. Burgess*, 141 N.H. 51, 677 A.2d 142 (1996). The State, however, contends that the defendant has not preserved the issue for appeal because he did not object to the sentence. Moreover, the State alleges that the defendant proposed and agreed to the sentence containing the condition of probation.

██ ██ Because the defendant failed to directly appeal his sentence, we do not reach the merits of his claim. A sentence is a decision on the merits that a defendant may appeal to this court. *See* SUP. CT. R. 3, 7. A defendant has thirty days from his sentencing to file an appeal. *See* SUP. CT. R. 7. Failure to appeal within the permitted time will result in the entry of final judgment. *See* SUPER. CT. R. 74; *Germain v. Germain*, 137 N.H. 82, 84, 623 A.2d 760, 761 (1993). This ruling, however, does not foreclose the filing of an extraordinary writ.

In light of these rules, it is apparent that the defendant did not appeal until well after final judgment. The first time that the

defendant raised the issue now on appeal was after he violated the terms of his probation. This occurred approximately nine months after the court had imposed probation. This hardly qualifies as a contemporaneous objection or timely direct appeal. *See State v. Nutter*, 135 N.H. 162, 163-64, 600 A.2d 139, 140 (1991) (noting the importance and common sense value in making contemporaneous, specific objections to perceived errors in sentencing at sentencing proceeding); *cf. State v. Weeks*, 141 N.H. 248, 252-53, 681 A.2d 86, 89-90 (1996) (explaining defendants can neither collaterally attack a habitual offender classification when charged with its violation, nor collaterally attack prior convictions used to revoke a suspended sentence or enhance a sentence, unless the defendant was denied counsel at the prior proceedings).

*Affirmed.*

All concurred.