Belknap
No. 2011-785

STATE OF NEW HAMPSHIRE

v.

CALVIN DUNN, III

Argued: June 14, 2012
Opinion Issued: October 16, 2012

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*M.D. Hulser & Associates, PC*, of Acworth (*Michael D. Hulser* on the brief and orally), for the defendant.

BASSETT, J. The defendant, Calvin Dunn, III, appeals an order of the Superior Court (*O'Neill*, J.) denying his motion to vacate the imposition of a suspended sentence. We affirm.

The following facts are drawn from the trial court's order and the record, or are otherwise undisputed. In 2006, the defendant pleaded guilty to one count of accomplice to burglary, *see* RSA 626:8 (2007); RSA 635:1 (2007), and one count of tampering with witnesses, *see* RSA 641:5 (2007). Under the plea agreement, the defendant was sentenced to two concurrent prison terms of three and one-half to seven years, suspended for five years on the condition of his good behavior.

On May 11, 2010, the Laconia District Court found the defendant guilty of two counts of simple assault and one count of criminal threatening in connection with a physical altercation that occurred in 2009. The defendant appealed to the superior court for a jury trial. Later in May, the State filed a motion to impose the 2006 suspended sentence, alleging that the physical altercation constituted a violation of the good behavior requirement. The defendant requested that the hearing on the motion to impose be deferred until final disposition of the pending criminal trial. The State objected, and the court denied the defendant's request.

On December 14, 2010, the superior court held a hearing on the motion to impose at which testimony and evidence were received. At the conclusion of the hearing, the court found "that the State ha[d] submitted sufficient evidence to show that indeed [the defendant had] failed to remain of good behavior and, in fact, the crime of simple assault did occur." As a result, the court granted the motion and imposed the original 2006 sentence. The defendant did not appeal. *See* SUP. CT. R. 3, 7.

On July 6, 2011, the defendant was tried by a jury on the charges stemming from the 2009 altercation. At trial, he argued that his actions were justified by self-defense. The jury acquitted him of all the charges.

On July 21, the defendant filed a motion to vacate the imposition of his sentence for the 2006 convictions. He argued that his actions in the 2009 altercation were justified by self-defense, as evidenced by the jury's acquittal on those charges, and, thus, he did not violate the good behavior requirement of his 2006 suspended sentence. Accordingly, he requested that the court vacate his sentence or, in the alternative, reevaluate the sentence "in order to consider the complete exposition of evidence and the jury's" verdict.

After a hearing, the court denied the defendant's motion. The court noted that "a jury acquittal of criminal charges is not dispositive as to whether a suspended sentence should be imposed," and found that the sentence was properly imposed. It further disagreed with the defendant's argument that he did not violate the good behavior requirement because the jury found that his actions were justified and in conformity with the law. It explained: "The jury only found that the defendant was not guilty of simple assault and criminal threatening beyond a reasonable doubt. The jury did not specifically find that the defendant acted in self defense or that his actions were otherwise justified." Finally, the court declined to address the defendant's alternative argument that it should reevaluate his sentence in light of his acquittal as he "failed to provide any legal support for [his] request." The defendant's motion for reconsideration was denied, and this appeal followed.

The defendant's main argument on appeal is that the trial court's denial of his motion to vacate his suspended sentence was based upon its misinterpretation of the jury's verdict. He contends that the jury acquitted him because it credited his assertion that he acted in self-defense and, as a result, the trial court's ruling that "[t]he jury did not specifically find that the defendant acted in self defense or that his actions were otherwise justified" was an "erroneous misinterpretation of the jury's verdict." Consequently, he maintains that the court unsustainably exercised its discretion in denying his motion to vacate. We review a trial court's decision to impose or vacate a suspended sentence for an unsustainable exercise of discretion. *See State v. Gibbs*, 157 N.H. 538, 540 (2008).

■ ■ When a defendant raises self-defense, "conduct negating the defense becomes an element of the charged offense, which the State must prove beyond a reasonable doubt." *State v. Etienne*, 163 N.H. 57, 80-81 (2011) (quotation and citation omitted). The State's failure to do so, however, is not equivalent to an affirmative finding by the jury that the defendant, in fact, acted in self-defense. Rather, it merely means that the State failed to prove beyond a reasonable doubt one or more elements of the charged crime. *See State v. White*, 145 N.H. 544, 548 (2000), *vacated on other grounds by White v. Coplan*, 399 F.3d 18 (1st Cir. 2005). Such failure can result from a variety of factors. *Id.* Thus, the trial court did not err in ruling that "[t]he jury did not specifically find that the defendant acted in self-defense or that his actions were otherwise justified."

■ Moreover, a suspended sentence may be imposed upon proof by a preponderance of evidence of a violation of the condition upon which the sentence was imposed. *See State v. Weeks*, 141 N.H. 248, 251 (1996). "When, as here, the condition was to be of good behavior, the State's burden of

proof is satisfied either by establishing the fact of a criminal conviction for the acts which constitute the violation or by proof of the commission of the underlying acts." *Gibbs*, 157 N.H. at 540 (quotation omitted). "[A] jury acquittal of criminal charges is not dispositive as to whether a suspended sentence should be imposed." *Cf. id.* (concluding "that the trial court's consideration of the evidence presented at trial regarding the acquitted conduct was proper for purposes of imposing [the defendant's] suspended sentence"); *State v. Benjamin*, 9 A.3d 338, 346 (Conn. 2010) ("[A] trial court's finding of a violation of probation is not clearly erroneous solely because of an acquittal at the criminal trial on the basis of the same alleged unlawful conduct."); *Douglas v. State*, 43 So. 3d 196, 198 (Fla. Dist. Ct. App. 2010) ("The law is well-settled that, because different standards of proof apply, a violation of probation can be based on criminal conduct for which a defendant is subsequently acquitted by a jury."). Here, the court "independently determined that a violation of the suspension condition occurred" and found that the defendant had "not pointed to any law or fact which the Court misapprehended when" deciding to impose the suspended sentence. We find this was a sustainable exercise of the court's discretion.

██ The defendant next argues that, even prior to his acquittal, there was insufficient evidence to support the court's decision to impose the suspended sentence. The defendant, however, has waived this argument because he did not appeal the trial court's original decision to impose the suspended sentence. The trial court imposed the 2006 suspended sentence on December 14, 2010. The defendant did not appeal this ruling. The imposition of a suspended sentence is a decision on the merits that a defendant may appeal to this court. *See* SUP. CT. R. 3, 7. A defendant has thirty days from its imposition to file an appeal. *See* SUP. CT. R. 7. Failure to appeal within the permitted time will result in the entry of judgment. *See* SUPER. CT. R. 74; *State v. Ryan*, 142 N.H. 486, 487 (1997). Because the defendant failed to directly appeal the imposition of his suspended sentence, we do not reach the merits of his sufficiency claim. *See Ryan*, 142 N.H. at 487.

Finally, the defendant argues, in essence, that we should reverse *State v. Flood*, 159 N.H. 353 (2009), and hold that the imposition hearing should have been stayed pending the conclusion of his criminal trial. As previously noted, the defendant did not appeal the decision imposing his suspended sentence; thus, he failed to timely appeal the court's earlier ruling denying his request for a stay. Accordingly, we decline to address this argument.

*Affirmed.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.